Argued on brief November 19, affirmed December 3, 1970

# STATE OF OREGON, *Respondent, v.* JANELLE MATHEWSON, whose true name is CAROLYN NADINE COLVIN, *Appellant.*

477 P2d 222

*James R. Strickland*, Eugene, for appellant.

*Lee Johnson*, Attorney General, Jacob B. Tanzer, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

SCHWAB, C. J.

■ Defendant pleaded guilty to the crime of obtaining money by false pretenses under ORS 165.205 which authorizes a sentence of not to exceed five years' imprisonment. She received a sentence of three years to run concurrent with the sentence she was already serving as a result of a previous conviction. On appeal she contends that (1) her sentence was excessive, and (2) she was not given, or will not be given, proper credit against the sentence imposed for her incarceration prior to sentencing. The state's brief adequately and succinctly disposes of the first point. We quote from it:

> "A three-year sentence is well within the five-year maximum authorized by the statute defining the crime of obtaining property by false pretenses, ORS 165.205. At the time of sentencing, defendant had also been convicted of a similar offense in Douglas County. The presentence report designated by defendant for inclusion in the record on appeal indicates that the present charge involved merely one of a large number of bogus checks written and uttered by defendant in various counties of this State. Thus, there is nothing excessive

or shocking about the sentence imposed in this case. See *State v. Fraley,* 2 Or App 238, 467 P2d 683 (1970)."

Defendant's second contention arises out of the following circumstances:

■ Prior to arraignment on the indictment herein, defendant was transferred to Lane County from the Oregon State Penitentiary where she was serving time on another conviction. After arraignment she remained in the Lane County jail until October 22, 1969, at which time she pleaded guilty to the charge in the case at hand, and was returned to the penitentiary until sentence was imposed on February 6, 1970. The defendant now complains that the clerk of the Lane County circuit court has not certified to the penitentiary the number of days she spent in the penitentiary between the date of entry of her plea, October 22, 1969, and the date of imposition of sentence, February 6, 1970. Her point seems to be that ORS 137.370(2) requires that she be given credit for that time against the three-year sentence imposed in the case at hand.

The state argues:
"Whatever the merits of the defendant's argument it cannot be raised on this appeal from her conviction upon a plea of guilty. ORS 138.050 expressly limits the scope of such appeals to the question of whether or not the sentence imposed is excessive  *  *  *."

As authority for this position the state cites *Gibbs v. Gladden,* 227 Or 102, 104-105, 359 P2d 540, *cert denied* 368 US 862, 82 S Ct 105, 7 L Ed 2d 58 (1961). In that case the defendant, arguing that the warden did not intend giving him credit for good time as required

by statute, sought relief in a habeas corpus proceeding. The court refused to consider the matter, stating that there was no allegation in the habeas corpus petition that petitioner's sentence would have expired had the good time been allowed, and that therefore, there was no allegation that the petitioner was unlawfully restrained. That ruling has no bearing on the case at hand. Habeas corpus is based on unlawful restraint. This is a direct appeal. If the defendant here was entitled to a credit which she did not receive, her sentence is excessive. We therefore consider this assignment of error on its merits.

ORS 137.370(2) provides in pertinent part:

> "The time that a person sentenced to imprisonment in the penitentiary or the correctional institution is confined after arrest and prior to his delivery thereat is considered part of his sentence actually served in the penitentiary or the correctional institution * * *."

This statutory requirement is of questionable value —it benefits the guilty, but not the innocent. It may be that the legislature enacted this statute in order to minimize the inequities that existed between the man who could make bail pending trial, and the man who could not. The man who cannot make bail after arrest and who upon trial is found not guilty receives no benefit. The net result is that this law serves only to provide a rigid formula for situations in which justice might well be better served if trial judges were allowed to exercise discretion and, thus, consider each individual situation on its merits. In any event, so long as this statute is "on the books," we must give it the effect the legislature intended. We need not, however, give it the strained construction the defendant seeks.

To us the statutory provision means only that the time a person spends in a county jail after arrest and prior to delivery to a state penal institution shall be credited against the ultimate sentence to the state penal institution. We do not construe the statute as requiring that at least a portion of the second sentence of a multiple offender be served concurrently with the sentence for the previous conviction.

Affirmed.