No. 47,223

Eddie David Cox, *Movant-Appellant,* v. State of Kansas, *Appellee.*

(522 P. 2d 173)

Opinion filed May 11, 1974.

*Richard T. Merker,* of Wallace, Saunders, Austin, Allen, Brown and Enochs, of Overland Park, argued the cause, and was on the brief for the movant-appellant.

*Clifford Roy Roth,* of Olathe, argued the cause, and *Vern Miller,* Attorney General, *Margaret W. Jordan,* District Attorney, and *J. J. B. Wigglesworth,* Assistant District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Prager, J.: This is an appeal by the petitioner, Eddie David Cox, from an order denying his motion to vacate sentence filed pursuant to K. S. A. 60-1507. The essential facts in the case are not in dispute and are as follows: On May 2, 1969, the petitioner entered a plea of guilty to the offense of felony possession of a pistol in the Johnson county district court. A sentence of one to five years was imposed at that time. Petitioner was received at the Kansas State Penitentiary on May 16, 1969, and began serving that sentence. Subsequently petitioner decided to appeal his conviction and was released on an appeal bond on March 9, 1970, by the Johnson county district court pending appeal of that conviction. On May 9, 1970, Cox was arrested by the Federal Bureau of Investigation on a federal charge of bank robbery. A bond was set in the federal case and Cox, being unable to make bond, remained in jail in custody of the federal authorities. On August 21, 1970, Cox was convicted in United States District Court for the District of Kansas on the bank robbery charge. On October 19, 1970, he was sentenced

to 20 years in federal prison, which sentence was to run consecutively to any other sentence. On November 20, 1970, Cox was released to the state of Kansas for completion of his state sentence prior to beginning his federal sentence. On September 1, 1972, Cox was paroled from the state charge of felony possession of a pistol at which time the federal authorities immediately took custody so that he could begin his federal sentence. Cox was credited with 196 days on the federal sentence for the period from May 9, 1970, to November 20, 1970, inclusive, which time he had spent in federal custody awaiting trial on federal charges.

The petitioner has previously filed a motion under K. S. A. 60-1507 to vacate his sentence imposed in the Johnson county felony possession case. A motion filed on December 21, 1970, was denied by the trial court and affirmed on appeal by this court. (*State v. Cox*, 208 Kan. 190, 490 P. 2d 381.) The basic issue raised on that appeal was double jeopardy. The motion now before the court was filed in the district court of Johnson county on March 17, 1972. An attorney was appointed to represent petitioner in these new proceedings. In his present 60-1507 motion Cox seeks to have his Johnson county sentence credited with the time spent in United States custody pending his trial and conviction on the federal robbery charge. The period of time for which credit on his state sentence is claimed is the period of 196 days from May 9, 1970, to November 20, 1970, inclusive, which is the same period for which he has already received credit from the federal authorities on his federal sentence.

The trial court denied the motion because of abuse of the remedy provided by 60-1507, since the petitioner had previously filed such a motion which was denied. From the denial of his latest motion the petitioner has appealed to this court. The petitioner first contends that the trial court erred and abused its discretion in dismissing his 60-1507 motion on the grounds of abuse of remedy. Petitioner argues that the current motion presents an entirely new ground for relief not previously determined in the first 60-1507 proceeding and that his motion should have been considered because there has been a change in existing case law on the subject. Hence he argues that his current motion was not an abuse of the remedy provided by K. S. A. 60-1507. The state argues on this appeal that successive motions under 60-1507 should not be permitted, relying on *Lee v. State*, 207 Kan. 185, 483 P. 2d 482; *Cantrell*

*v. State,* 210 Kan. 528, 501 P. 2d 840; and *Kinnell v. State,* 210 Kan. 785, 504 P. 2d 161. From our examination of the record it is clear that the issue raised in the present motion was not raised in the previous motion. The prior motion dealt with the issue of double jeopardy; the present motion is concerned with the petitioner's right to credit on his state sentence for time spent in the custody of federal authorities awaiting trial on federal charges. We believe that the petitioner is correct in pointing out that the issue raised in this proceeding is one of constitutional significance based upon the authority of federal cases handed down after the petitioner's previous 60-1507 motion was determined. In *Lee v. State,* supra, we indicated that unusual circumstances or intervening changes in the law may well justify successive use of the postconviction remedy provided by 60-1507 where a new constitutional issue is involved. The district court might well have entertained the present 60-1507 motion on the basis that a constitutional ground not previously determined has been raised and an intervening change of law has been shown. Since there are no disputed issues of fact and the questions of law have been well briefed by the parties, we find that the interests of justice require that the case be determined on its merits at this time. We will therefore turn to the merits of the motion.

The thrust of the petitioner's position is that under the equal protection clause of the Fourteenth Amendment to the United States Constitution a man should not be kept in prison solely because of his lack of wealth. This principle was declared and applied in *Williams v. Illinois,* 399 U. S. 235, 26 L. Ed. 2d 586, 90 S. Ct. 2018, and *Tate v. Short,* 401 U. S. 395, 28 L. Ed. 2d 130, 91 S. Ct. 668. In *United States v. Gaines,* 449 F. 2d 143 (1971), the United States Court of Appeals, Second Circuit, relying on those two cases, held that a defendant was entitled to credit against his federal sentence for time spent in state custody after the state court set bail in connection with the state charges where it was shown that the defendant had not been released on bail solely because of lack of sufficient funds and thus had been unable to enter into federal custody. The court reasoned that the defendant Gaines' lack of wealth resulted in his having to serve a sentence longer than a richer man would have had to serve, which was an impermissible discrimination according to *Tate* and *Williams.* It was pointed out that had Gaines had money to post his state bond and then entered federal custody

he would have been eligible for a conditional release at an earlier date. It should be noted that in *Gaines* the defendant had not received any credit whatsoever on his sentence either in the federal court or the state court.

We believe that *Gaines* is distinguishable from the present case because that case involved concurrent sentences. In this case the federal sentence was imposed to run consecutively to the state sentence. The petitioner, Cox, was given full credit for the 196 days awaiting trial on his federal sentence. In cases where consecutive sentences have been involved the federal courts have held that a defendant is not entitled to credit on both sentences but only on one sentence. Where consecutive sentences are involved an indigent defendant who receives credit on one sentence would not be required to serve a sentence that a richer man would not have had to serve. Cases involving consecutive sentences where double credit has been denied are the following: *Doss v. United States,* 449 F. 2d 1274 (8th Cir. 1971); *Radcliffe v. Clark,* 451 F. 2d 250 (5th Cir. 1971); *Shields v. Daggett,* 460 F. 2d 1060 (8th Cir. 1972); and *United States ex rel; Derengowski v. United States Attorney General,* 457 F. 2d 812 (8th Cir. 1972). The case now before the court falls within the ambit of the rule pertaining to consecutive sentence. We, therefore, hold that the petitioner is not entitled to credit on his state sentence for the 196 days he was in custody awaiting trial on federal charges and for which he has already been given credit on his federal sentence. In view of our deciding this case on the merits it is not necessary to consider the other points raised on this appeal. The district court did not err in denying the petitioner's motion.

Judgment affirmed.