539 P.2d 946
**STATE of Arizona, Appellee,**

v.

**Margarito G. SALAZAR, Appellant.**

**No. 1 CA–CR 849.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 16, 1975.

Rehearing Denied Oct. 10, 1975.

Review Denied Nov. 18, 1975.

Bruce E. Babbitt, Atty. Gen. by Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

Following defendant's conviction by a jury of the crime of aggravated battery, he has appealed, raising the following contentions:

(1) That his prior conviction of simple assault in city court precluded a subsequent conviction of aggravated battery on the grounds of double jeopardy.

(2) That his constitutional right to remain silent was improperly brought to the attention of the jury.

(3) That the jury should have been instructed on the lesser included offense of simple assault.

(4) That his requested instruction on specific intent was improperly refused, and

(5) His sentence should have included credit for pre-sentence incarceration time.

In the early morning of June 21, 1974, the defendant, Margarito G. Salazar, was arrested for disturbing the peace by the City of Tempe Police Department, and placed in a holding cell at Tempe jail. A short time later, the defendant caused a ruckus by kicking the cell door. The officers in attendance at the jail decided to remove the defendant's boots, both to lower the noise level and to protect the City's property. Officer Starr, the desk officer, Officer Hugill (the victim); and Officer Remeikis, all three being in uniform, approached the defendant's cell and the defendant was told they merely wanted to take his boots off. Officer Starr opened the cell and the other two officers entered. The defendant immediately assumed a boxer's stance and yelled obscenities.

The defendant swung at Officer Hugill hitting him in the chest, causing him to fall and strike his back against a sink-commode. Officer Hugill was rendered unconscious. Officer Starr then entered the cell and the defendant struck him in the mouth. The defendant was subsequently subdued.

The defendant was charged in Tempe City Court and convicted of simple battery upon Officer Starr. The conviction which he here appeals is from the battery of Officer Hugill.

During the course of the trial the prosecutor asked the officer who had originally arrested the defendant for disturbing the peace what rights were given the defendant at the time of the arrest. After reciting the standard *Miranda* warnings, the following ensued:

"Q: Did he respond at all to those rights?

"A: No, Sir, he did not.

"Q: What did he do?

"A: He just was placed in the patrol car. He made no statement or acknowledgment of the rights and the door was closed."

The defendant took the stand in his own behalf and asserted that he acted in self defense, upon which defense the jury was properly instructed. The defendant also requested an instruction on the crime of simple battery as a lesser included offense and an instruction on specific intent which were refused. The request for the specific intent instruction was oral:

". . . I would simply call the court's attention to the fact that under the old MARJI's . . . and I believe you have a copy in front of you . . . there included in No. 203 is an additional instruction on intent and I am requesting that additional instruction.

"The Court: You want the specific intent?

"[A. Yes]."

Upon being found guilty by a jury, the defendant was sentenced to not less than one nor more than five years in the Arizo-

na State Prison. The defendant was denied credit for a three-month period of pre-sentence incarceration on the grounds that another trial judge had already given him credit for such time as a condition of probation on another criminal charge. Aggravated battery carries a maximum sentence of five years. A.R.S. § 13–245(B).

■ The defendant first contends that under the "identical elements" test his conviction in city court for simple assault of Officer Starr precludes his subsequent prosecution in Superior Court for aggravated battery of Officer Hugill on grounds of double jeopardy. Defendant misconstrues the meaning of the "identical element test" as it applies to A.R.S. § 13–1641 [1], prohibiting double punishment, as enunciated in such cases as *State v. Tinghitella*, 108 Ariz. 1, 491 P.2d 834 (1971) and *State v. Cassius*, 110 Ariz. 485, 520 P.2d 1109 (1974). This test has been stated to be, for the purposes of determining whether A.R.S. § 13–1641 is applicable, as follows:

> "[E]liminate the elements in one charge and determine whether the facts left would support the other charge." *State v. Tinghitella, supra,* 108 Ariz. at 3, 491 P.2d at 836.

While we agree that under certain circumstances the identical elements test is applicable in determining whether double jeopardy occurs under the 5th Amendment to the United States Constitution, its application to the facts in this case does not help the defendant. Contrary to the characterization by the defendant that his assault upon Officers Starr and Hugill constituted "one course of conduct" it is clear that "the time span in which the number of acts may have been committed is not material so long as there is proof that each act was composed of the necessary criminal elements." *State v. Tinghitella, supra,* 108 Ariz. at 3–4, 491 P.2d at 836–837.

■ Here the striking of Officer Hugill occurred before Officer Starr ever entered the cell and was struck. There were two separate blows emanating from the defendant against two separate individuals. By eliminating the striking of Officer Starr, there is still left the fact that Officer Hugill was separately assaulted and battered. Thus the application of the identical elements test does not result in a finding of double jeopardy in this case. See *State v. Ramirez*, 111 Ariz. 504, 533 P.2d 671 (1975).

The defendant next contends that the arresting officer's testimony that he refused to answer after being advised of his *Miranda* rights constitutes an impermissible comment on his right to remain silent and constitutes fundamental error requiring reversal. There was no objection to this testimony at the time it was elicited.

■ We do not believe the holding in *State v. Anderson*, 110 Ariz. 238, 517 P.2d 508 (1973) mandates that the question and answer given here is improper comment on the defendant's right to remain silent. In *Anderson* the questioning arose in the cross-examination of the defendant who took the stand in an attempt to impeach the witness by showing the story he told from the stand had never been told before thus casting doubt on his truthfulness. Here the response by the police officer was in the setting of giving *Miranda* rights warnings and ascertaining whether defendant understood these rights. If the defendant's reasoning was carried to its logical conclusion, statements made by a defendant who refused to acknowledge understanding of *Miranda* warnings would never be admissible in those cases where the defendant stood mute for the trier of fact would be denied the opportunity of hearing evidence of whether defendant understood those rights. We simply find no

---

1. A.R.S. § 13–1641 (1956) provides:
"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

error in this line of questioning, let alone fundamental error.

◼ The defendant next contends that he was entitled to an instruction on the lesser included offense of simple battery. We hold he was not. Defendant was charged with aggravated battery of a police officer under A.R.S. § 13–245(A)(7) (Supp.1973). This statute in part provides that "an assault or battery is aggravated when committed under any of the following circumstances:

\* \* \* \* \* \*

"(7) When the person committing the offense knows or has reason to know that the victim is a peace officer. . .."

In this case there was no evidence that the defendant did not know the officer he struck was a police officer, in fact this was admitted. The sole issue for the jury was the defendant's assertion of self defense. Thus the only verdicts compatible with any version of the evidence was guilty of aggravated battery or not guilty. There is no duty to instruct on a lesser included offense not shown by the evidence. *State v. Contreras*, 107 Ariz. 68, 481 P.2d 861 (1971).

Next, the defendant cites as error the failure of the trial court to instruct on specific intent. The whole problem with this claim of error, is the defendant did not offer an instruction stating what type of specific intent he wanted. The MARJI No. 203 requested by defendant at the time of trial is as follows:

"In the case of certain crimes, it is necessary that the criminal act be accompanied by specific or particular intent, without which the crime is not committed.

"Thus in the crime of _____, a necessary fact to be proved is the existence in the mind of the defendant of the specific intent to _____, and unless such intent to _____ so exists, that crime is not committed."

◼ At time of trial the defendant did not offer to fill in the blank as to the specific intent required. Moreover, at time of appellate oral argument in this case, after questioning by the court, defense counsel still was unable to advise the court as to what type of intent is necessary to commit a battery on a person known to be a police officer. *State v. Jamison*, 110 Ariz. 245, 517 P.2d 1241 (1974). It is not error to refuse to give incomplete instructions. *State v. Vanderlinden*, 21 Ariz.App. 358, 519 P.2d 211 (1974).

Finally, defendant contends that his receiving the maximum sentence without being given credit for pre-sentence incarceration results in an improper sentence. The facts are that the court in this case made the defendant's sentence to date "from termination of incarceration as ordered in CR–80855." In other words, the defendant's sentence was to run consecutively with a sentence received on another criminal charge. We are advised by counsel for the defendant that in the other criminal charge (CR–80855) the defendant was given credit for pre-sentence incarceration as a term of probation.

◼ The rationale behind giving credit for pre-sentence incarceration is the denial of equal protection that flows to the poor not able to make bail. *State v. Sutton*, 21 Ariz.App. 550, 521 P.2d 1008 (1974). However, no such denial is present when the sentencing court in its discretion, determines that a consecutive sentence is to be served where the prior sentence gives credit for pre-sentence incarceration. To hold otherwise would require that any time two or more consecutive sentences were given, pre-sentence incarceration credit would have to be given on each of the consecutive sentences thus resulting in compounding of credit time. No such result is required under the auspices of equal protection.

For the foregoing reasons, the judgment and sentence of the trial court are affirmed.

HAIRE, C. J., and FROEB, J., concur.