Argued April 21, dismissed May 17, 1976

STATE OF OREGON, *Respondent,*
*v.*
RICHARD MATTHEW WAGGONER, *Appellant.*
(No. C 75-10-3235 Cr., CA 5554)
549 P2d 685

*William H. Lazar,* Certified Law Student, Portland, argued the cause for appellant. On the brief was Ancer L. Haggerty, Portland.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

FORT, J.

**FORT, J.**

Defendant was charged by district attorney's information with the misdemeanors of second degree theft, ORS 164.045, and resisting arrest, ORS 162.315. He demurred to the information on the ground that since the Oregon Constitution made no provision for charging misdemeanors by information the charging procedure was unconstitutional. The trial court overruled the demurrer and defendant pled guilty to the resisting arrest charge. Judgment was imposed thereon.

Defendant appeals and again asserts as sole error the unconstitutionality of the procedure by which he was charged. ORS 138.050 provides:

> "A defendant who has plead guilty or no contest may take an appeal from a judgment on conviction where it imposes an excessive fine or excessive, cruel or unusual punishment. * * * On such appeal, the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed. * * *"

In *State v. Jairl,* 229 Or 533, 541-42, 368 P2d 323 (1962), the Oregon Supreme Court construed ORS 138.050 to mean that appellate review of convictions based on a plea of guilty was limited to the grounds specified in that statute. *State v. Matthewson,* 4 Or App 104, 477 P2d 222 (1970). Since defendant here claims neither "excessive fine" nor "excessive, cruel or unusual punishment," this court, following his plea of guilty, is without jurisdiction to determine the question raised on this appeal.

Appeal dismissed.