Argued and submitted October 22, affirmed December 10, 1979

STATE OF OREGON,
*Respondent,*
*v.*
MICHAEL ANTHONY RUDY,
*Appellant.*

(No. 77-1714, CA 14609)

603 P2d 1230

Richard A. Cremer, Assistant Public Defender, Roseburg, argued the cause and filed the brief for appellant.

Douglas F. Foley, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Defendant was placed on probation after a conviction for attempted burglary in the first degree. He absconded and was subsequently arrested in Clark County, Washington. Pending extradition, he was incarcerated in that county's jail from January 2, 1979 to April 26, 1979. At his probation violation hearing he admitted the alleged violations. His probation was revoked and he was ordered to commence serving a one-year sentence in the Douglas County Jail. In the order revoking probation he was given credit only for the time he was incarcerated in Oregon after extradition. He contends that the trial judge unlawfully refused to grant him credit for the time he was incarcerated in Washington. He is wrong.

Affording credit for time served after arrest is not a determination made by the trial judge but is governed by the statutory scheme encompassed in ORS 137.310-137.450. ORS 137.390 provides that "[t]he commencement, term and termination of a sentence of imprisonment in the county jail is to be ascertained by the rule prescribed in ORS 137.370 ***." That statute provides in relevant part:

> "(2) The time that a person sentenced to imprisonment in the penitentiary or the correctional institution is confined after arrest and prior to his delivery thereat *shall be computed by the sheriff* and considered part of his sentence actually served in the penitentiary or the correctional institution." (Emphasis supplied.)

Thus it is the sheriff and not the trial judge who has the responsibility of crediting defendant with time served after his arrest. Therefore, the present appeal is improper. We do not decide whether the defendant is entitled to credit for the time he was held in Washington pending extradition.

Affirmed.