PEOPLE v CANTU

Docket No. 60663. Submitted May 13, 1982, at Lansing.—Decided
    June 22, 1982.

Oscar Cantu, Jr., pled guilty to delivery of marijuana and posses-
    sion of a firearm during the commission of a felony. The Eaton
    Circuit Court, Richard E. Robinson, J., sentenced defendant to
    serve the mandatory two years on the felony-firearm conviction
    followed by a consecutive two and one-half to four years on the
    delivery charge. Defendant was given credit on the latter
    sentence for the 119 days he had already spent in confinement.
    Defendant appeals alleging error in the failure to give him 119
    days credit on each of his consecutive prison terms and, as an
    alternative, that if he is entitled to credit on only one term
    such credit must be granted on the first of the two consecutive
    terms. *Held:*

    1. The credit for time served statute envisions only a one-
    time credit for a given period of incarceration as opposed to
    multiple credit; it is not to be used so as to defeat the purpose
    of a consecutive sentence. Defendant is not entitled to double
    credit for the time he has already served.

    2. Credit for time served should be given on the first of any
    consecutive sentences.

    3. Credit for time served is available for the mandatory two-
    year felony-firearm sentence. Such credit does not constitute a
    reduction of the sentence and does not conflict with the manda-
    tory felony-firearm sentence.

    Affirmed as modified.

1. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED.
    The statute regarding credit for time served in jail prior to
    sentencing was enacted to place a defendant who is unable to
    post bond on an equal footing with one who can do so with
    respect to the length of incarceration to which each is ulti-
    mately subject (MCL 769.11b; MSA 28.1083[2]).

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 21 Am Jur 2d, Criminal Law §§ 548-550.
    Right to credit for time spent in custody prior to trial or sentence.
    77 ALR3d 182.

2. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — CONSECUTIVE SENTENCES.

The statute regarding credit for time served in jail prior to sentencing envisions only a one-time credit for a given period of incarceration as opposed to multiple credit; the statute is not to be used to defeat the purpose of a consecutive sentence (MCL 769.11b; MSA 28.1083[2]).

3. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — CONSECUTIVE SENTENCES.

Credit given for time served in jail prior to sentencing, in accordance with the statute regarding such credit, should be given on the first of any consecutive sentences (MCL 769.11b; MSA 28.1083[2]).

4. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — FELONY-FIREARM — MANDATORY SENTENCES.

A defendant should be given credit for time served in jail prior to sentencing, in accordance with the statute regarding such credit, where the defendant is sentenced to a mandatory two-year sentence for a felony-firearm violation (MCL 769.11b; MSA 28.1083[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *C. Sherman Mowbray,* Assistant Prosecuting Attorney, for the people.

*Sandborn & Theophelis, P.C.,* for defendant.

Before: ALLEN, P.J., and CYNAR and C. J. FALAHEE,* JJ.

CYNAR, J. Defendant was charged with delivery of marijuana, MCL 333.7401(1), (2)(c); MSA 14.15(7401)(1), (2)(c), conspiracy to deliver marijuana, MCL 750.157a; MSA 28.354(1), and felony-firearm, MCL 750.227b; MSA 28.424(2). On September 10, 1981, defendant pled guilty to the delivery and felony-firearm charges pursuant to a plea bargain whereby the conspiracy charge was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dismissed along with a supplemental information which charged defendant as a second-felony offender. As part of the bargain, the prosecution also agreed to contact prosecuting officials in Texas and request dismissal of any pending charges against defendant in that state.

On October 1, 1981, defendant was sentenced to serve the mandatory two years on the felony-firearm conviction followed by a consecutive two and one-half to four years on the delivery charge. The trial judge explained the sentence as follows:

*"The Court:* It's mandatory by law that I sentence you on the felony, the gun charge conviction, Mr. Cantu, to two years in the State Department of Corrections, and I so sentence you.

"On the delivery of marijuana charge, I'm satisfied that from the amount involved, $30,000 worth, that you are something other than a street pusher, that you are a dealer. On that charge, I sentence you to the Michigan Department of Corrections for not more than four years and not less than two and a half years. This sentence will start commencing at the completion of the two years felony on the gun conviction.

"You'll receive credit against the latter sentence for the 119 days which you've already spent in confinement."

Defendant's counsel objected to credit not being applied to the felony-firearm portion of the sentence. This objection and the court's response were as follows:

*"Mr. Theophelis:* May I make a comment, your Honor?

*"The Court:* Yes.

*"Mr. Theophelis:* Regarding the credit sentence, he was incarcerated on both charges. Wouldn't he get credit on both counts?

*"The Court:* I don't know. They have to run consecu-

tively. He doesn't get credit twice. He doesn't get 238 days credit, so I assume the credit would come off the end.

"*Mr. Theophelis:* Well,—

"*The Court:* I don't know that I can apply the credit against the two-year mandatory sentence, so I applied it against the sentence which will run later."

Defendant appeals as of right, claiming that the question of credit for time served in jail was improperly handled by the trial court.

I

Defendant first contends that he should be given 119 days credit on each of his consecutive prison terms. Since the terms are consecutive the result would then be a total of 238 days of credit. Defendant claims that this result is mandated by a literal reading of MCL 769.11b; MSA 28.1083(2), the credit for time served statute, which provides:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

To interpret the statute in the manner advanced by defendant would lead to an absurd result in light of the purpose of the statute. The credit for time served statute was enacted to place a defendant who is unable to post bond on an equal footing with one who can do so with respect to the length of incarceration to which each is ultimately subject. *People v Davis,* 87 Mich App 72; 273 NW2d 591 (1978). Under defendant's construction

of the statute, the defendant who cannot post bail is put in a superior position by receiving a double credit for the time served. This is clearly not the intention of the statute. Rather, the statute envisions only a one-time credit for a given period of incarceration as opposed to multiple credit. *People v Sturdivant,* 97 Mich App 711, 713; 296 NW2d 157 (1980). Furthermore, the credit for time served statute is not to be used so as to defeat the purpose of a consecutive sentence. See *People v Pruitt,* 23 Mich App 510; 179 NW2d 22 (1970). As in *Pruitt,* we avoid an absurd result by choosing a logical alternative. Defendant is not entitled to a double credit for the time he has already served.

## II

Defendant claims that even if the trial court was correct in granting credit only on one of defendant's consecutive sentences, error was committed by reason of the fact that credit was granted on the second term to be served instead of the first. Although it appears to be of no practical significance at the present time, it does appear that defendant is correct. In giving a defendant credit for time served, a court acknowledges that, for all practical purposes, the defendant has already served a portion of his sentence. It follows logically that the credit should be given on the first of any consecutive sentences.

We find unpersuasive the prosecution's argument that credit for time served is not available for a mandatory felony-firearm sentence. That argument proceeds from the false premise that the credit constitutes a reduction of the sentence. In fact, the full sentence will be served, the only difference being that part of the sentence will have

been served prior to conviction. We perceive no conflict between the mandatory felony-firearm sentence and the credit for time served statute as we construe them.

Defendant's sentence is, therefore, affirmed with the modification that the 119 days credit already allowed shall be credited to the two-year felony-firearm term instead of the subsequent consecutive delivery term.

Affirmed as modified.