## WILFRED M. GRAY,
*Petitioner,*

*v.*

## OREGON STATE BOARD OF PAROLE,
*Respondent.*

(42718; CA A31433)

694 P2d 572

James J. MacAfee, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Petitioner appeals from an order in which the Board of Parole determined that his sentence had commenced on July 30, 1980. We find no error and affirm the order.

Petitioner was convicted in a federal court for kidnapping and received a life sentence on October 10, 1965. He subsequently was convicted of murder in an Oregon court and received a life sentence for that crime on December 6, 1965. The Oregon sentence reads, in pertinent part:

"IT IS HEREBY ORDERED AND ADJUDGED that the defendant, Wilfred Marion Gray, be sentenced to imprisonment for life in the Oregon State Penitentiary, said sentence to commence the day of his delivery to the Warden of the Oregon State Penitentiary, and, it is

"* * * * *

"FURTHER ORDERED that the said defendant be remanded to the custody of the United States Marshal."

Petitioner was paroled by federal authorities after serving almost 15 years and was delivered to Oregon authorities on July 30, 1980.

Petitioner applied for a firm release date under the matrix system and, in computing that date, the Board determined that his Oregon sentence began on July 30, 1980. He contends in this appeal that the Board erred in that determination.

Petitioner first argues that the state and federal sentences ran concurrently, relying on ORS 137.370(4). Petitioner's reliance on that statute is misplaced, because it was not enacted until 1981, and was not effective either at the time of sentencing or when petitioner was delivered to the Oregon authorities in 1980. Or Laws 1981, ch 424, § 2. We find no indication that the legislature intended that the statute be applied retroactively. *See* 42 Op Att'y Gen 182 (Or 1981).

At the time when petitioner was sentenced, sentences could be concurrent only when they could be served in the same institution. *State v. Nelson,* 246 Or 321, 325, 424 P2d 223, *cert denied* 389 US 964 (1967). ORS 137.370(1) now provides, as it did in 1965, that a sentence to the penitentiary commences when a person is delivered to the custody of the

Corrections Division. Pursuant to his sentence, and under the law applicable at that time, petitioner's Oregon sentence was consecutive to his federal sentence and commenced on July 30, 1980, when he was delivered to the custody of Oregon authorities.

■     Petitioner's second argument is that he should receive credit on his Oregon sentence for the time that he spent incarcerated under the federal sentence. He bases the argument on current ORS 137.370(2); but, again, it was not enacted until 1981, and we do not apply it retroactively.

The version of ORS 137.370(2) which was in effect in 1980, when petitioner was delivered to Oregon authorities, provided, in pertinent part:

> "The time that a person sentenced to imprisonment in the penitentiary or the correctional institution is confined after arrest and prior to his delivery thereat shall be computed by the sheriff and considered part of his sentence actually served in the penitentiary or the correctional institution. * * *"

Petitioner would have us interpret this statute to hold that the time he served on the federal sentence, concededly after his arrest on the Oregon charge, should be considered as time served in the Oregon penitentiary under the Oregon sentence. We rejected a similar argument in *State v. Mathewson,* 4 Or App 104, 108, 477 P2d 222 (1970):

> "To us the statutory provision means only that the time a person spends in a county jail after arrest and prior to delivery to a state penal institution shall be credited against the ultimate sentence to the state penal institution. We do not construe the statute as requiring that at least a portion of the second sentence of a multiple offender be served concurrently with the sentence for the previous conviction."

Affirmed.