The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

James BAKER and Marlene Dates
Grey, Defendants-Appellants.

No. 84CA0112.

Colorado Court of Appeals,
Div. III.

Feb. 28, 1985.

Rehearing Denied April 11, 1985.

Certiorari Denied Aug. 19, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Pub. Defender, Stephen M. Flavin, Deputy State Pub. Defender, Denver, for defendants-appellants.

METZGER, Judge.

Defendants, James E. Baker and Marlene Dates Grey, each pled guilty to two counts of forgery based on separate transactions and charged as separate counts in one information. The trial court imposed consecutive sentences, and granted credit for presentence confinement only as to one count for each defendant. Defendants' subsequent Crim.P. 35(b) motions for reconsideration were denied. Defendants appeal the sentences imposed, asserting that the trial court erred (1) by imposing consecutive, rather than concurrent, sentences and (2) by failing to grant credit for presentence confinement as to each count. We affirm.

I.

Defendants first contend that the imposition of consecutive sentences contravenes the General Assembly's intent as manifest-

ed in § 17–22.5–101, C.R.S. (1978 Rep.Vol. 8) (requiring one year of parole after incarceration in order to reintegrate a defendant into the community) because parole would be deferred until expiration of the latter of the consecutive sentences. Defendants contend the statute requires that they be released from incarceration at the conclusion of the first sentence for one year of parole, then reincarcerated to serve the second sentence. Such an incarceration-parole-incarceration scheme, they argue, is totally inconsistent with the statute's goal of reintegrating a defendant into the community. Hence, they conclude that consecutive sentences can no longer be imposed. We disagree.

 A sentencing court has the discretion to impose consecutive sentences for separate counts. *People v. Montgomery*, 669 P.2d 1387 (Colo.1983). Only where the counts for which a defendant is convicted are supported by identical evidence must concurrent sentences be imposed. *People v. Montgomery, supra; People v. Taylor*, 197 Colo. 161, 591 P.2d 1017 (1979).

Here, defendants each pled guilty to two counts of second degree forgery, arising out of separate transactions. Thus, each conviction was supported by evidence which was not identical, and the trial court acted within its discretion in imposing consecutive sentences.

Section 17–20–111, C.R.S. (1978 Repl. Vol. 8), in effect at the time of defendants' sentences provides: "For the purposes of this article, when any convict has been committed under several convictions with separate sentences, they shall be construed as one continuous sentence." Under application of this statute, the consecutive sentences would be considered one sentence, and thus, neither defendant would be eligible for release on parole until completion of all incarceration. Consequently, the premise of defendants' argument, incarceration-parole-incarceration, would never occur.

II.

Next, defendants contend that the trial court erred in refusing to grant presentence confinement credit as to both offenses. We disagree.

Defendants remained confined on all charges in the same jurisdiction because of their inability to post bail. Thus, under the rule announced in *People v. Schubert*, 698 P.2d 788 (Colo.1985), we must consider each charge to be a cause of defendants' confinement. However, the trial court correctly granted credit on only one sentence as to each defendant, since "crediting the period of presentence confinement against one of the sentences ... assure[d] the defendants full credit against the total term of imprisonment." *People v. Schubert, supra.*

Sentences affirmed.

BERMAN and BABCOCK, JJ., concur.