Argued and submitted July 12, certified questions answered November 16, 1988

# CHARLES EUGENE NISSEL II,
*Plaintiff,*

*v.*

# PEARCE et al,
*Defendants.*

# (USDC Civil 87-886-PA; SC S34984)

764 P2d 224

Wendy Squires, Portland, argued the cause and filed the brief for plaintiff.

H. H. Lazenby, Jr., Portland, argued the cause for defendants. With him on the brief was Laurence Kressel, County Counsel for Multnomah County, Oregon.

Before Peterson, Chief Justice, Linde, Campbell, Carson, Jones, and Gillette, Justices, and Van Hoomissen, J., pro tempore.

PETERSON, C. J.

## PETERSON, C. J.

This case is before us on certification from the United States District Court for the District of Oregon pursuant to ORS 28.200.[1] The two questions certified are:

(1) Does the sentencing judge have final authority to order credit for time served on each charge on consecutive sentences?

(2) When a criminal defendant is given consecutive sentences, is the defendant entitled to credit for time served on each charge under ORS 137.320(4)?

We answer both questions in the negative.

### THE FACTS

The plaintiff was convicted of Robbery in the Second Degree and attempted Burglary in the Second Degree. The plaintiff received a suspended sentence and was placed on probation. After two probation violations, the plaintiff was arrested and held in custody 120 days awaiting a probation revocation hearing. At the hearing the plaintiff was found to have violated the terms of his probation. The court revoked his probation and sentenced him to a five-year state prison term on the robbery conviction, to be followed consecutively by a one-year county jail term on the attempted burglary conviction. The sentencing judge ordered that the plaintiff receive credit for presentence time served on both sentences. The plaintiff received 120 days credit against his state prison term but not against his county jail term.

The plaintiff brought a damage action in federal district court against Multnomah County and its sheriff alleging false imprisonment and a violation of 42 USC section 1983. The plaintiff argues that he was entitled to credit for presentence time served on each of his consecutive sentences. In other

---

[1] ORS 28.200 provides:

"The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court or the highest appellate court or the intermediate appellate court of any other state, when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state."

words, although the plaintiff was held only 120 days in custody before he began serving his sentence, he contends that the applicable statute requires subtraction of 120 days from each term of confinement, for a total of 240 days credit.

## DISCUSSION

*Authority of Judge to Credit Presentence Time Served*

ORS 137.320 provides in relevant part:

"(1)  When a judgment includes commitment to the legal and physical custody of the Department of Corrections, the sheriff shall deliver the defendant, together with a copy of the entry of judgment and a statement signed by the sheriff of the number of days the defendant was imprisoned prior to delivery, to the superintendent of the Department of Corrections institution to which defendant is initially assigned pursuant to ORS 137.124.

"* * * * *

"(3)  Upon receipt of the information described in subsection (1) * * * the Department of Corrections shall establish a case file and compute the defendant's sentence in accordance with the provisions of ORS 137.320.

"(4)  When the judgment is imprisonment in the county jail or a fine and that the defendant be imprisoned until it is paid, the judgment shall be executed by the sheriff of the county. The sheriff shall compute the time the defendant was imprisoned after arrest and prior to the commencement of the term specified in the judgment. Such time shall be credited towards the term of the sentence."

■     ORS 137.320 does not authorize the sentencing judge to order credit for time served. ORS 137.320(1) requires that the sheriff deliver a signed statement of the number of days the defendant was in custody before he or she was delivered to the Corrections Division. ORS 137.320(3) and (4) provide that either the Department of Corrections (in the case of incarceration in a state prison) or the sheriff (in the case of incarceration in a county jail) shall compute the defendant's sentence and give credit for presentence time served. The sentencing judge simply has no authority to order or compute credit for presentence time served. *State v. McClure,* 295 Or 732, 735 n 1, 670 P2d 1009 (1983) (remedy for failure to receive credit for presentence time is action against the sheriff); *State*

*v. Rudy,* 43 Or App 635, 603 P2d 1230 (1979) (sheriff has responsibility to credit presentence time served).

### *Is Credit Due on Each of the Consecutive Sentences?*

■       Statutes giving credit for presentence time served were designed to ensure equal treatment for indigent and non-indigent defendants.[2] An example will illustrate this point. Suppose that codefendants *A* and *B* commit a felony together. While they are awaiting trial, *A*, who has access to money, bails himself out of jail. But *B*, who is indigent, is unable to post security and spends 180 days in jail before conviction. Both receive a two-year prison term. If *B* is not credited for the 180 days spent in presentence confinement, she will spend two years and 180 days in custody while *A* will spend only two years so confined.

Credit for presentence time served is aimed at eliminating such disparate treatment. In *Schubert v. People,* 698 P2d 788, 794 (Colo 1985), the Colorado Supreme Court explained that without credit for presentence time served, indigent offenders, "due to their inability to post bail * * * would serve longer periods in jail than their wealthier counterparts who were able to avoid presentence confinement by posting bail and thereby secur[ing] their presentence freedom." Some courts have held that credit for presentence time served is constitutionally required. In *State v. Salazar,* 24 Ariz App 472, 476, 539 P2d 946 (1975), the court stated that "[t]he rationale behind giving credit for pre-sentence incarceration is the denial of equal protection that flows to the poor not able to make bail." *See also State v. Cruz-Mata,* 138 Ariz 370, 375-76, 674 P2d 1368 (1983); *State v. Warde,* 116 Ariz 598, 600-601, 570 P2d 766 (1977). Likewise, the court in *Dewees v. State,* 444 NE2d 332, 334 (Ind App 1983) explained that credit for presentence time served was

> "based on the constitutional guarantees involving double jeopardy and equal protection. The end result is that a defendant, because of time spent in jail awaiting trial, will not serve more time than the statutory penalty for the offense, and will

---

[2] For a general discussion of the policy and legal considerations concerning credit for time served, see Singer and Hand, *Sentencing Computation: Laws and Practices,* 10 Crim L Bull 318, 329-34 (1974).

not serve more time than a defendant who has the good fortune to have bail money."

In *Narron v. State,* 425 So2d 660, 660 (Fla App 1983), the court simply opined that the defendant has a "fundamental right" to receive credit for presentence time served.[3]

At bottom, then, giving credit for presentence time served seeks to place an in-custody criminal defendant in the same position as his or her counterpart with bail money. The argument advanced by the plaintiff and accepted by the dissent would turn this aim on its head.

Let us return to our example. Codefendants *A* and *B* commit several crimes together. *A* posts bail and *B*, an indigent, spends 180 days in confinement awaiting trial and sentencing. Both are convicted of the same crimes and sentenced to two years in the state prison followed by a one-year consecutive term in county jail. Under the dissent's reading of ORS 137.320, *B* is entitled to subtract 180 days from *each* sentence. The result is that *B* would spend a total of two and a half years in confinement whereas *A*, who had the misfortune of posting bail, would be incarcerated for three years. Under this construction, a statute designed to give indigent defendants a fair shake ironically ends up giving those who post bail a raw deal. We cannot ascribe this intention to the legislature.

Other courts that have dealt with the issue have rejected the position advanced by the plaintiff. In *Effinger v. State,* 380 NW2d 483, 489 (Minn 1986), the court rejected the

---

[3] The cases cited above represent only a small fraction of those discussing the constitutional underpinnings of credit for presentence time served. For further discussion see Singer and Hand, *supra* note 1, at 331 and n 40. Singer and Hand also note that some states have held that it is arbitrary and capricious, and therefore a due process violation, to deny prisoners credit for presentence time served. *Id.*

No cases have been located in which this court addressed the rationale for credit for presentence time served. However, in *State v. Mathewson,* 4 Or App 104, 107, 477 P2d 222 (1970), the Court of Appeals dealt with the credit for presentence time served provisions of ORS 137.320 and surmised that "the legislature enacted this statute in order to minimize the inequities that existed between the man who could make bail pending trial, and the man who could not."

The legislative history of the relevant Oregon provisions sheds little light on the subject. But since courts generally declare the credit for presentence time served is animated by the desire to equalize treatment between indigent and non-indigent defendants, it is safe to assume, as did the Court of Appeals in *Mathewson,* that ORS 137.320 has the same purpose.

defendant's argument that he should be allowed to deduct his 200 days credit for presentence time served from each of his consecutive sentences. The statute at issue, Minn R Crim P 27.03, subd 4(b), provided that when sentence is imposed, the court "[s]hall assure that the record accurately reflects all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed, which time shall be automatically deducted from the sentence." The court declared that "in situations of consecutive sentences, the jail credit should be applied to only the first sentence since to do otherwise would constitute 'double credit.' " 380 NW2d at 489.

*Commonwealth v. Carter,* 10 Mass App 618, 411 NE2d 184 (1980), reached the same conclusion. The Massachusetts credit for presentence time statute provided:

> "The court on imposing a sentence of commitment to a correctional institution of the commonwealth, a house of correction, or a jail, shall order that the prisoner be deemed to have served a portion of said sentence, such portion to be the number of days spent by the prisoner in confinement prior to such sentence awaiting and during trial." MGL ch 279, § 33A.

The court rejected the defendant's contention that he was entitled to credit on each of his consecutive sentences and held instead that the defendant was entitled to credit only for the actual number of days he spent in presentence confinement:

> "[A] prisoner is to receive credit for all jail time—neither more nor less—served before sentencing which relates to the criminal episode for which the prisoner is sentenced, but does not receive credit greater than the number of days of his presentencing confinement. Had the defendant been able to make bail, he would have been obliged to serve the full consecutive sentences. Were the defendant to get double credit for presentencing confinement, he would serve 398 fewer days in prison than if he had made bail. A statute designed to neutralize the consequence of inability to make bail should not be construed to lead to such a bizarre result." 10 Mass App Ct 620-21 (footnote omitted).

Likewise, in *People v. Cantu,* 117 Mich App 399, 323 NW2d 719 (1982), the court refused to allow double credit. The relevant statute provided:

> "Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in

imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing." MCL § 769.11b; MSA § 28.1083(2).

The court minced no words in rejecting the defendant's claim that he should be allowed to have credit for presentence time subtracted from each of his consecutive sentences:

"To interpret the statute in the manner advanced by the defendant would lead to an absurd result in light of the purpose of the statute. The credit for time served statute was enacted to place a defendant who is unable to post bond on an equal footing with one who can do so with respect to the length of incarceration to which each is ultimately subject. Under defendant's construction of the statute, the defendant who cannot post bail is put in a superior position by receiving a double credit for the time served." 117 Mich App at 402-403 (citation omitted).

Faced with an identical argument from a defendant serving consecutive sentences, another court declared that "[t]he court must give effect to legislative intent which will avoid absurd, unreasonable, or unjust results." *State v. Aaron,* 103 NM 138, 140, 703 P2d 915 (App 1985). The statute at issue in *Aaron* declared that "[a] person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense." NMSA § 31-20-12. The court rejected the defendant's contention that he be allowed credit for presentence time served on each of his consecutive sentences, holding instead that "[t]he legislative intent in enacting [this statute] was to entitle a defendant to one day's credit against his total sentence for each day spent in presentence confinement." 103 NM at 140.[4]

---

[4] *Accord: State v. Sodders,* 130 Ariz 23, 633 P2d 432 (App 1981) (defendant serving consecutive sentences not permitted to compound credit time); *State v. Salazar,* 24 Ariz App 472, 539 P2d 946 (1975) (same); *People v. Baker,* 703 P2d 631 (Colo App 1985) (same); *Miller v. State,* 297 So2d 36 (Fla App 1974) (same); *State v. Hoch,* 102 Idaho 351, 352, 630 P2d 143 (1981) ("We find no intent of the legislature that a person so convicted should have that credit pyramided simply because he was sentenced to consecutive terms for separate crimes."); *Simms v. State,* 421 NE2d 698 (Ind App 1981) (credit applies only to first of consecutive sentences); *Cox v. State,* 214 Kan 652, 522 P2d 173 (1974) (no double credit for presentence time on consecutive sentences); *Holland v. State,* 13 Md App 635, 284 A2d 874 (1971) (same); *Wilson v. State,* 82 Wis 2d 657, 660, 264 NW2d 234 (1978) ("where consecutive sentences are imposed, pretrial incarceration time should be credited as time served on only one of such

■ We have found no case involving similar facts in which the prisoner was credited for presentence time served against each of his or her consecutive sentences. We think it unlikely, in the face such a monolithic rule to the contrary, that the legislature intended to allow compounding of credit time without declaring so expressly. We have been unable to find a shred of evidence to suggest that the legislature ever contemplated that ORS 137.320 would grant defendants compound credit time for consecutive sentences. In light of the underlying purposes of statutes giving credit for presentence time served and the absence of any indication that the legislature intended (or even contemplated) duplicate credit for consecutive sentences, we hold that the plaintiff was not entitled to receive credit on each of his consecutive sentences. Certified questions answered.

**CARSON, J.,** concurring in part and dissenting in part.

To quote Justice Felix Frankfurter in *Greenwood v. United States,* 350 US 366, 374, 76 S Ct 410, 100 L Ed 412, (1956), "this is a case for applying the canon of construction of the wag who said, when the legislative history is doubtful, go to the statute." Here, the legislative history not only is doubtful — it is nonexistent. So much the more reason to go directly to the statute to answer the two questions asked. The majority does so to answer the first question regarding the authority of the sentencing judge, and I concur in that part of the majority opinion. The majority fails to do so regarding the second question — computation of credit for time served under ORS 137.320(4) — and so I must, respectfully, dissent from that part of the majority opinion.

The meaning of ORS 137.320[1] is clear: ORS

---

sentences."); *Munden v. State,* 698 P2d 621 (Wyo 1985) (defendant serving consecutive sentences entitled to credit only for actual number of days in presentence confinement).

*See also Radcliff v. Clark,* 451 F2d 250 (5th Cir 1971) (per curiam) (prisoner not entitled to compound credit on consecutive state/federal sentences); *Doss v. United States,* 449 F2d 1274 (8th Cir 1971) (same).

[1] ORS 137.320 provides, in part:

"(1) When a judgment includes commitment to the legal and physical custody of the Department of Corrections, the sheriff shall deliver the defendant, together with a copy of the entry of judgment and a statement signed by the sheriff

137.320(1) requires the sheriff, upon delivering a prisoner to the Department of Corrections, to state the number of days the prisoner was imprisoned before delivery. The Department then computes the prisoner's sentence according to the provisions of ORS 137.370. ORS 137.320(3). When a prisoner is imprisoned in the county jail, the sheriff computes the number of days the prisoner was imprisoned after arrest and before commencement of the sentence. ORS 137.320(4). ORS 137.320(4) then requires that "[s]uch time shall be credited towards the term of the sentence."

Taken together, these provisions entitle plaintiff to credit for time served on each sentence. Plaintiff apparently was held simultaneously for 120 days on each of the charges against him and, ultimately, was sentenced upon conviction for each charge. For his state prison sentence, plaintiff was entitled to credit for time served under the provisions of ORS 137.320(1) and (3) and 137.370. Then, when plaintiff was turned over to county authorities to serve his sentence in the county jail, he was entitled to credit for time served towards the jail term. ORS 137.320(4).

To reach a different conclusion, the majority takes another tack. The majority amasses cases from other states in attempting to demonstrate that the legislature could not have meant what it said, *i.e.,* that credit for time served be granted plaintiff on both his state prison and county jail terms. These cases amount to a sideshow — a diversion from the fact that the statute means what it says and that the majority cannot marshall a single shred of legislative history to demonstrate the contrary. That other jurisdictions have reached the same result as has the majority is, of course, instructive. But it is not

---

of the number of days the defendant was imprisoned prior to delivery, to the superintendent of the Department of Corrections institution to which the defendant is initially assigned pursuant to ORS 137.124.

"* * * * *

"(3) Upon receipt of the information described in subsection (1) * * * the Department of Corrections shall establish a case file and compute the defendant's sentence in accordance with the provisions of ORS 137.370.

"(4) When the judgment is imprisonment in the county jail or a fine and that the defendant be imprisoned until it is paid, the judgment shall be executed by the sheriff of the county. The sheriff shall compute the time the defendant was imprisoned after arrest and prior to the commencement of the term specified in the judgment. Such time shall be credited towards the term of the sentence."

conclusive as to what the Oregon legislature intended, particularly where the language of the statutes from other jurisdictions does not track the language of ORS 137.320.

Moreover, the majority rejects construing ORS 137.320(4) to entitle plaintiff to credit for time served on his county jail term lest he be granted "compound credit time for consecutive sentences." We were not asked to decide that question — the wisdom of granting credit for time served on consecutive sentences. We were asked to decide a far narrower question — whether, plaintiff was entitled under ORS 137.320(4) to credit for time served on his county jail term. The two are not the same. But even beyond what we were or were not asked to decide, the majority's statement betrays a fundamental flaw.

The majority apparently believes that it somehow is unfair to grant a person credit for time served on two charges when those charges ultimately result in consecutive sentences. The majority apparently believes that granting the credit in that situation gives a person something he or she did not earn. But when a person is taken into custody and held on two or more criminal charges, that person's liberty is restrained on each charge for which the person is held. The person is incarcerated (serving time) on each of those charges. It follows that it *deprives* a person of credit for time served not to grant the credit against all charges for which the person is held in custody and their concomitant sentences. *See State v. Hoch,* 102 Idaho 351, 630 P2d 143 (1981) (Bistline, J., dissenting).

Campbell, J., joins in this concurring and dissenting opinion.