976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael M. FISHER, Petitioner-Appellant,
v.
Dan JOHNSON, Superintendent, Powder River Correctional
Facility, Respondent-Appellee.
 No. 91-36161.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 23, 1992.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael M. Fisher appeals the denial of his petition for habeas corpus by the United States District Court for the District of Oregon. We affirm.
 
 
 3
 * Ex Post Facto Claim
 
 
 4
 Fisher claims the change in the Oregon Board of Parole's interpretation of the presentence credit statute, Ore.Rev.Stat. § 137.320 (1991), in light of the Oregon Supreme Court's decision in Nissel v. Pearce, 307 Or. 102, 764 P.2d 224 (1988), violates the constitutional prohibition against ex post facto laws.
 
 
 5
 "[T]he ex post facto prohibition ... forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." Weaver v. Graham, 450 U.S. 24, 30 (1981). "Absent a court pronouncement on the matter, the interpretation of the relationship between the statutes placed upon them by the administrative agency charged with their enforcement has the force and effect of law." Love v. Fitzharris, 460 F.2d 382, 385 (9th Cir.1972), vacated as moot, 409 U.S. 1100 (1973).
 
 
 6
 This court has "distinguished between a change in an administrative interpretation of state law made by the agency itself, ... and a court decision authoritatively construing state law. In the latter case, we noted, the ex post facto clause by its own terms does not apply." Holguin v. Raines, 695 F.2d 372, 374 (9th Cir.1982), cert. denied, 464 U.S. 896 (1983). However, the principle of fair warning "implicit in the ex post facto prohibition requires that judicial decisions interpreting existing law must have been foreseeable." Id.
 
 
 7
 Fisher argues the Parole Board improperly set his parole eligibility date by applying his presentence credit to only the first of his six consecutive sentences. The Parole Board's action followed the Oregon Supreme Court's decision in Nissel, in which the court interpreted Or.Rev.Stat. § 137.320 to require the application of presentence credit to only the first of any consecutive sentences. Nissel v. Pearce, 307 Or. 102, 110, 764 P.2d 224, 228 (1988). Therefore, because the Parole Board's action followed "a court pronouncement on the matter," the ex post facto clause does not apply if the judicial decision was foreseeable. See Mileham v. Simmons, 588 F.2d 1279, 1280 (9th Cir.1979). The interpretation of the statute in State v. Mathewson, 4 Or.App. 104, 477 P.2d 222 (1970), and the consistent interpretations of similar statutes by other courts, made the holding in Nissel foreseeable. Fisher's ex post facto challenge is rejected.
 
 II
 Equal Protection Challenge
 
 8
 Fisher argues the Parole Board's action violated his equal protection rights under the Fourteenth Amendment.
 
 
 9
 "[U]nless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." Nordlinger v. Hahn, 112 S.Ct. 2326, 2331-32 (1992). Here Fisher's parole eligibility date is not a fundamental right, nor does the interpretation of the statute burden a suspect class. Mayner v. Callahan, 873 F.2d 1300, 1302 (9th Cir.1989).
 
 
 10
 Moreover, by setting his parole eligibility date in conformance with Nissel, the Parole Board did not treat Fisher differently than others similarly situated. Nordlinger, 112 S.Ct. at 2331. Even if the action was a classification, however, the state applied a rational interpretation of the statute to achieve the legitimate end of treating alike those prisoners released on bail before trial, and those who were not.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3