578 P.2d 196

The STATE of Arizona, Appellee,

v.

James Lee SKINNER, Appellant.

No. 2 CA–CR 1278.

Court of Appeals of Arizona, Division 2.

April 6, 1978.

---

Stephen D. Neely, Pima County Atty. by Kenneth J. Peasley, Deputy County Atty., Tucson, for appellee.

Anthony J. Abruzzo, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

Appellant was charged by indictment with aggravated battery, A.R.S. § 13–245, as amended, and possession of a pistol by a criminal, A.R.S. § 13–919. Prior convictions of grand theft and robbery were alleged by the state. He was found guilty of aggravated battery by a jury and, pursuant to stipulation and waiver of a jury, found guilty of the other charge on the same evidence by the court. He was sentenced to concurrent terms of imprisonment of six to eight years for aggravated battery, and three to four and one-half years for possession of a pistol by a criminal.

On appeal he raises various issues, one of which, the court's refusal to give his requested jury instruction on the lesser included offense of battery, requires reversal of the aggravated battery conviction.

The state's case was based on A.R.S. § 13–245 A.7, which provides:

"A. An assault or battery is aggravated when committed under any of the following circumstances:

   \*    \*    \*    \*    \*    \*

"7. When the person committing the offense knows or has reason to know that the victim is a peace officer, or a person summoned and directed by such officer while engaged in the execution of any official duties.

   \*    \*    \*    \*    \*    \*"

Frank Valdez, an off-duty Tucson police officer dressed in street clothes, was drinking beer in a Tucson nightclub when he was asked by the manager to assist in removing appellant from the parking lot. Valdez and the manager went outside and followed appellant into a convenience market next door. Valdez testified he saw a gun in appellant's back pocket, grabbed appellant's right wrist, and identified himself as a police officer. A fistfight ensued and both men fell to the floor. Valdez grabbed appellant by the throat and then pulled out his badge and identification card. As to what followed, he testified:

"There was a short pause when he calmed down and I could see in his face he recognized that I was a cop and said something about, 'That's your gun, you pig' or something to that effect, 'It's not my gun.' "

The nightclub manager testified:

"Q. Can you describe to the jury how it was that Officer Valdez made contact with Mr. Skinner?

"A. He had approached him. He had his wallet in his hands and they just started to scuffle there.

"Q. Did he kind of come up in front of him?

"A. On the side.

"Q. Did you hear Officer Valdez say anything?

"A. Not that I recall at that time.

"Q. Did you hear him say anything at a later time?

"A. Yeah, I heard him say, 'I'm a police officer' and something about, 'What are you doing?'

"Q. O.K., when did that occur?

"A. This was a couple of seconds after Valdez had approached him."

The store manager and a customer did not hear Valdez identify himself as a police officer until after appellant had been subdued, and appellant denied hearing any such identification until that time. Although the court in its instructions to the jury defined battery, it refused the following instruction offered by appellant:

"The crime of aggravated battery includes the less serious crime(s) of battery. The State may prove battery, but fail to prove the more serious crime of aggrava-

ted battery. You are permitted to find the defendant guilty of the less serious crime of battery;

"(1) if the evidence does not show beyond a reasonable doubt that the defendant is guilty of aggravated battery; and,

"(2) if the evidence does show beyond a reasonable doubt that the defendant is guilty of battery."

The state in its brief concedes that the accused is entitled to such an instruction in a situation where his contention that he did not know or have reason to know that the victim was a police officer is "reasonably supported" by competent, credible evidence, but argues that it is for the court first to decide whether or not the evidence offers such support. It likens the present case to *State v. Salazar,* 24 Ariz.App. 472, 539 P.2d 946 (1975), but in *Salazar* it was admitted that the defendant knew the victim was a police officer and the only issue for the jury was the defendant's assertion of self defense. Here, there was conflicting testimony. Contrary to the state's argument, the accuracy of each witness's testimony was to be determined by the jury, and it was so instructed.

We also reject the state's contention that any error was waived by appellant's failure to comply with 17 A.R.S. Rules of Criminal Procedure, Rule 21.2, in not submitting a written verdict form on the lesser included offense.[1] We believe the purpose of the rule was satisfied by the submission of the requested instruction, and timely objection to the court's refusal to give it.

Because our holding may result in another trial on the charge of aggravated battery, we address those other issues presented by appellant which may arise again.

1. A .32 caliber bullet found in appellant's vehicle was properly admitted as circumstantial evidence that appellant was armed with a pistol of the same caliber, which he denied. The fact that it was admitted prior to appellant's denial from the witness stand is of no consequence, inasmuch as it tended to support officer Valdez's version of what he observed and the reason for his actions.

2. Impeachment of appellant with evidence of his prior grand theft conviction was not improper under *State v. King,* 110 Ariz. 36, 514 P.2d 1032 (1973), and was not inconsistent with Rule 609(a), Arizona Rules of Evidence.[2]

As to appellant's conviction of possession of a pistol by a criminal, this court already has ruled on the constitutionality of A.R.S. § 13–919 in *State v. Harmon,* 25 Ariz.App. 137, 541 P.2d 600 (1975), cert. den. 425 U.S. 942, 96 S.Ct. 1681, 48 L.Ed.2d 185 and the evidence recited above was sufficient to support the trial court's judgment.

Appellant's conviction of possession of a pistol by a criminal and the sentence thereon are affirmed. The judgment as to the crime of aggravated battery is reversed and the sentence thereon vacated, and the case remanded for a new trial on that charge.

HOWARD and HATHAWAY, JJ., concur.

---

1. Rule 21.2:

   "At the close of the evidence or at such earlier time as the court directs, counsel for each party shall submit to the court his written requests for instructions and forms of verdict and shall furnish copies to the other parties."

2. The trial court excluded evidence of a prior robbery conviction on the ground that its prejudicial effect outweighed the intended probative value, in view of the possible implication that appellant was about to rob the convenience market when he was apprehended by Valdez, and the further ground that "I don't see how two prior convictions make a person a double liar as opposed to a single liar."