654 P.2d 63
**STATE of Arizona, Appellant,**

v.

**Sheri A. FELDSTEIN, Appellee.**

**No. 1 CA–CR 5391.**

Court of Appeals of Arizona,
Division 1, Department D.

Nov. 9, 1982.

Thomas E. Collins, Maricopa County Atty. by Myrna J. Parker, Deputy County Atty., Phoenix, for appellant.

Kemper & Henze by James Hamilton Kemper, Phoenix, for appellee.

OPINION

HAIRE, Presiding Judge.

The issue in this appeal is whether aggravated assault can be charged pursuant to A.R.S. § 13–1204(A)(5) when arguably the assaulted police officer was not engaged in any of his official duties as a police officer. The trial court concluded that the statute did not apply under such circumstances and granted defendant's motion to dismiss. The state has appealed from the dismissal, and this court has jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1), 13–4031, and 13–4032.

On November 17, 1980, Department of Public Safety Officer David Worley was off duty and working as a security guard at a large department store. Officer Worley was dressed in street clothes without a badge or service revolver. While in the store the defendant became involved in an argument with a Dani Bahm. Officer Worley escorted Bahm out of the store. Shortly thereafter, Bahm and a third party became involved in a fight. Worley identified himself as a police officer and attempted to separate the fighting parties. Then, the defendant allegedly kicked Officer Worley for which she was charged with aggravated assault under A.R.S. § 13–1204(A)(5), which reads:

"A. A person commits aggravated assault if such person commits assault as defined in § 13–1203 under any of the following circumstances:

\* \* \* \* \* \*

"5. If such person commits the assault knowing or having reason to know that the victim is a peace officer, or a person summoned and directed by such officer while engaged in the execution of any official duties."

The state's primary contention is that under the plain and unambiguous language of the statute there was only one issue to be determined: Did the defendant know or have reason to know that the victim was a police officer at the time the assault was committed? If so, the state's argument continues, A.R.S. § 13–1204(A)(5) classifies the assault as aggravated.

The defendant contends that the statutory phrase "while engaged in the execution of any official duties" modifies both "a peace officer" and "a person summoned and directed by such officer." Under this analysis, one could only be charged with aggravated assault if he knew or had reason to know that the victim was a peace officer and if the assault occurred while the officer was engaged in official duties. Defendant then argues that a police officer privately employed during off-duty hours as a security guard is not an officer engaged in official duties. Consequently, because this incident occurred when Officer Worley was off duty and working as a private security guard, defendant maintains that she cannot be charged with aggravated assault and that the trial court's dismissal of that charge was proper. The state alternatively responds that even if the statute were so interpreted, the facts before the court mandate a finding that at the time of the assault the victim was known to be a police officer and that he was engaged in the execution of his official duties. Since we agree with the state's primary contention, we need not address its alternative response.

Initially, we note that "[w]ords and phrases shall be construed according to the common and approved use of the language." A.R.S. § 1–213. It is fundamental that courts must give words in statutes their ordinary meaning unless the context or other circumstances suggest a different

meaning. *State v. Carter*, 123 Ariz. 524, 525, 601 P.2d 287, 288 (1979); *State v. Arnett*, 119 Ariz. 38, 51, 579 P.2d 542, 555 (1978).

Guided by these principles, we do not accept defendant's construction of A.R.S. § 13–1204(A)(5). The language is clear. There are two kinds of victims: (1) "a peace officer" and (2) "a person summoned and directed by such officer while engaged in the execution of any official duties." The placement of the comma in subsection (A)(5) clearly delineates the two possible victims. Thus, the aggravated assault statute applies when a person commits the assault knowing or having reason to know that the victim is a peace officer.

We note that this interpretation is consistent with that found in the Recommended Arizona Jury Instructions (RAJI). According to § 12.041, which has been given qualified approval by the Arizona Supreme Court:

"The crime of aggravated assault requires proof of the following two things:

"1. The defendant committed an assault; *and*

   \*     \*     \*     \*     \*     \*

"[the defendant knew or had reason to know that the other person was a (peace officer) (or) (someone directed by a peace officer performing official duties)] . . . ." (Footnotes omitted).

The RAJI material clearly differentiates between possible victims of the assault: (1) a peace officer or (2) a third party directed by an officer engaged in official duties.

Defendant argues that this interpretation provides special protection for the status of being a police officer, a result allegedly contrary to the legislative purpose. We first note that the court must follow the plain and natural meaning of the statutory language to determine what the legislature intended. *State v. Arthur*, 125 Ariz. 153, 155, 608 P.2d 90, 92 (App.1980). Nothing in the statute itself suggests that our analysis is contrary to legislative intent. Rather, comparison to other subsections of the statute bolsters our interpretation. Subsection

(6) (pertaining to assaults on school employees) expressly delineates under what circumstances an assault upon a teacher or other school employee is aggravated.

"6. If such person commits the assault knowing or having reason to know the victim is a teacher or other person employed by any school and such teacher or other employee is upon the grounds of a school or grounds adjacent to such school or is in any part of a building or vehicle used for school purposes, or any teacher or school nurse visiting a private home in the course of his professional duties, or any teacher engaged in any authorized and organized classroom activity held on other than school grounds."

Subsection (7) (pertaining to assaults on detention facility employees) expressly requires that the assault occur when the victim is "acting in an official capacity."

"7. If such person is imprisoned in the custody of the department of corrections, a law enforcement agency, county or city jail, or adult or juvenile detention facility of a city or county or subject to the custody of personnel from such department, agency, jail or detention facility and commits the assault knowing or having reason to know the victim is an employee of such department, agency, jail or detention facility acting in an official capacity."

The legislature similarly could have limited circumstances pertaining to peace officers. It did not choose to do so, and we should not engraft such a limitation. Furthermore, our research of the legislative history of this statute has produced nothing to suggest that the legislature intended such a limitation.

While the precise issue of this case is one of first impression in Arizona, the results in other cases are compatible with our analysis. In *State v. Skinner,* 118 Ariz. 517, 578 P.2d 196 (App.1978), the court held that the

defendant, charged with aggravated battery[1] of an off-duty policeman, was entitled to a jury instruction on the lesser included offense of battery. The court indicated that there was conflicting evidence on whether defendant knew or had reason to know that the victim was a police officer. Its failure to address the issue of whether the police officer victim was engaged in official duties implies that a resolution of that point was not relevant to applying the aggravated assault statute. *See also State v. Salazar,* 24 Ariz.App. 472, 539 P.2d 946 (1975) (defendant not entitled to jury instruction on lesser included offense of simple battery because there was no evidence that defendant did not know victim was a police officer).

We recognize that our decision in effect provides special protection for peace officers. It is, however, the legislature's function to elect to give this protection or to limit it to situations in which peace officers are engaged in official duties. Both the state and defendant have cited cases discussing the question of whether an off-duty policeman privately employed as a security guard still can be performing official duties.[2] Our research indicates that the assault statutes involved in those cases, however, expressly require that the peace officer victim be performing official duties when the assault occurs. Unlike A.R.S. § 13–1204(A)(5), those statutes clearly reflect the intent to limit protection by the respective legislatures. The differing resolutions of those cases reflect conflicting judicial interpretations of the phrase "engaged in official duties." These various interpretations present an interesting policy question, but not one upon which we should speculate. The issue of which interpretation is preferable does not arise unless our legislature expressly directs that a peace officer victim be engaged in official duties

---

1. Defendant in *Skinner* was charged under A.R.S. § 13–245(A)(7), repealed by Laws 1977, Ch. 142, § 4, effective October 1, 1978. That statute was substantially similar to A.R.S. § 13–1204(A)(5).

2. *See e.g., People v. Corey,* 21 Cal.3d 738, 581 P.2d 644, 147 Cal.Rptr. 639 (1978); *State v. Coleman,* 224 Kan. 447, 580 P.2d 1329 (1978); *State v. Palms,* 592 S.W.2d 236 (Mo.App.1979); *Stewart v. State,* 527 P.2d 22 (Okl.Cr.App. 1974).

when the assault occurs and until an actual case is presented properly for our review.

We conclude that an assault becomes an aggravated assault if the perpetrator knows or has reason to know the victim is a peace officer. Since defendant has conceded for the purposes of the motion to dismiss that she knew her victim was a peace officer,[3] we find that the dismissal of the charge of aggravated assault under A.R.S. § 13–1204(A)(5) was improper.

The judgment of the trial court is reversed, and this case is remanded for proceedings consistent with this opinion.

EUBANK, J., concurs.

MEYERSON, Judge, specially concurring:

Although I concur in the result reached in the majority opinion, I believe that the rule established therein extends beyond the facts of the case before us. Implicit in the holding of the majority is that one may be charged with aggravated assault upon a peace officer regardless of whether the officer is engaged in any activity related to law enforcement.

Because the off-duty police officer in this case was attempting to separate the fighting parties, he was engaged in the "vindica-tion of public right and justice" and not merely performing acts of service to his private employer. *State v. Kurtz,* 78 Ariz. 215, 218, 278 P.2d 406, 408 (1954). The deputy's activities transcended his duties as a security guard; thus, I concur in the holding that the trial judge erred by dismissing the aggravated assault charge filed pursuant to A.R.S. § 13–1204(A)(5).

The majority opinion does not distinguish between law enforcement and unrelated activities and therefore presumes that the statute would apply even though a peace officer might be engaged in some function totally unrelated to law enforcement purposes. Because we need not decide whether the statute applies regardless of the peace officer's activities, I would limit the holding in this case to the standard enunciated by our supreme court in *Kurtz*—"were the officers acting 'in vindication of public right and justice' or were they merely performing acts of service to their private employer?" *Id.*

---

**3.** At the hearing on the motion to dismiss, defendant's counsel stated, "[L]et's assume for the purpose of this motion that he identified himself to my client as a police officer, working off duty as a security guard at Smitty's." Ad-ditionally, on appeal defendant has not contested the sufficiency of Officer Worley's verbal identification of himself to her in the parking lot.