Argued and submitted December 9, 1985, affirmed April 23, 1986

In the Matter of the Application of
Jack Petterson for a Writ of
Habeas Corpus,

### PETTERSON,
*Appellant,*

*v.*

### SMITH
*Respondent.*

(85-3037-NJ-2; CA A37217)

717 P2d 1262

Douglas M. Engle, Medford, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

WARDEN, J.

## WARDEN, J.

Petitioner appeals a judgment of the trial court refusing to release him from custody on a petition for a writ of habeas corpus. ORS 34.710. We affirm.

On February 19, 1985, petitioner was ordered to serve six months imprisonment in Jackson County jail as a condition of probation, after being convicted for possession of a controlled substance. ORS 475.992(4). On February 27, 1985, a warrant issued for his arrest on a charge of delivery of a controlled substance. ORS 475.992(1). On July 10, 1985, he was sentenced to an additional six months imprisonment for the delivery offense, "said sentence to run consecutively with sentence imposed in [the possession case]." About two weeks after that sentence was imposed, his original six-month sentence expired. A few days later, jail personnel released petitioner from custody, crediting the time served after his arrest on February 27, 1985, toward his sentence on the delivery charge. He was then rearrested to begin serving the six-month term on the delivery charge. He petitioned for a writ of habeas corpus, and the court ruled that he was legally imprisoned.

Petitioner characterizes that ruling as having "created a judicial exception to ORS 137.320(4)." The statute provides:

"When the judgment is imprisonment in the county jail or a fine and that the defendant be imprisoned until it is paid, the judgment shall be executed by the sheriff of the county. The sheriff shall compute the time the defendant was imprisoned after arrest and prior to the commencement of the term specified in the judgment. Such time shall be credited towards the term of the sentence."

Petitioner argues that ORS 137.320(4) requires that a defendant who is convicted of an offense be given credit toward his sentence for the time he was imprisoned after his arrest and before sentencing, even if he was imprisoned during that time for some other reason. The state argues that the last two sentences of ORS 137.320(4) were added only to give defendants sentenced to county jails the same credit for time served before sentencing as that given defendants sentenced to the penitentiary. *See* ORS 137.320(1). The state also refers us to decisions and statutes from other jurisdictions, most of which apparently have rejected arguments resembling petitioner's.

*See, e.g., Schubert v. People,* 698 P2d 788, 793-96 (Colo 1985); *People v. Brown,* 107 Cal App 3d 858, 166 Cal Rptr 144, 147 (1980).

We need not look to other jurisdictions to find authority for rejecting petitioner's argument. If his interpretation of ORS 137.320 were correct, it would render meaningless the authority of trial courts to impose consecutive sentences. It is well settled that the legislature intended trial courts to have authority to impose consecutive sentences. *State v. Jones,* 250 Or 59, 440 P2d 371 (1968); *State v. Haywood,* 73 Or App 6, 697 P2d 977 (1985). We construe ORS 137.320(4) in a manner consistent with that purpose. *Davis v. Wasco IED,* 286 Or 261, 272, 593 P2d 1152 (1979).[1]

The reference in ORS 137.320(4) to "the time the defendant was imprisoned after arrest" presupposes that the defendant was deprived of his liberty as a result of the charge for which he is later sentenced. Therefore, we hold that credit for time spent in custody between arrest and commencement of the sentence under ORS 137.320(4) is to be given only for time spent in custody as the *result* of the charge or of the conduct which gives rise to the charge for which the sentence is later imposed. Time served on a sentence for a different offense is not creditable.

Affirmed.

---

[1] Our interpretation of ORS 137.320(4) also preserves the intended effect of ORS 137.122, which makes the inherent authority of the courts to impose consecutive sentences an expressly stated rule. ORS 137.122 had not yet taken effect at the time petitioner was sentenced.