Argued and submitted March 16, affirmed August 3, reconsideration denied
November 18, petition for review pending 1989

## WILLIAM BUD CHAMBERS,
*Appellant,*

*v.*

## MAASS,
*Respondent.*

### (87-C-10278; CA A45129)
758 P2d 393

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Frank Gruber, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Petitioner appeals from a judgment dismissing his petition for a writ of habeas corpus entered after the trial court had granted the state's motion for summary judgment. We affirm.

The facts are not in dispute. On August 9, 1984, while petitioner was on temporary leave from the Oregon State Penitentiary (OSP) pursuant to ORS 421.165(2)(b), he was arrested on new robbery charges and returned to OSP. He was indicted on two counts of robbery in the first degree on August 16. He later pled guilty, and on January 8, 1985, two concurrent sentences were imposed, to run "consecutive[ly] to any other sentence or sentences" being served. In this proceeding, petitioner contends that, under ORS 137.370(2)(a), he should be credited on his robbery sentences with the time served in OSP between his arrest on August 9 and his sentencing on January 8.[1]

In *Petterson v. Smith,* 79 Or App 108, 111, 717 P2d 1262 (1986), we held

> "that credit for time spent in custody between arrest and commencement of the sentence under ORS 137.320(4) is to be given only for time spent in custody as the *result* of the charge or of the conduct which gives rise to the charge for which the sentence is later imposed. Time served on a sentence for a different offense is not creditable." (Emphasis in original.)

That same analysis applies to ORS 137.370(2)(a), and it therefore does not support petitioner's contention. The time served in OSP from August 9 to January 8 is related to the new robbery charges *only* in that those charges prompted the revocation of his temporary leave. After the revocation, he resumed serving the sentence imposed for his prior conviction.[2] Were it otherwise, he would have been held in the

---

[1] ORS 137.370(2)(a) provides, in relevant part:

"[W]hen a person is sentenced to imprisonment in the custody of the Department of Corrections, for the purpose of computing the amount of sentence served the term of confinement includes only:

"(a) The time that the person is confined by any authority after the arrest for the crime for which the sentence is imposed * * *."

[2] As noted, the sentences imposed for the robberies were to run consecutively to the earlier sentence. Construing ORS 137.370(2)(a) as petitioner contends would make them concurrent during the five months between his arrest and sentencing for the robberies.

county jail. He is not entitled to the credit that he seeks.

Affirmed.