Submitted on record and briefs March 26, judgment reversed in part and remanded; otherwise affirmed May 13, 1992

# Wayne L. JOHNSON,
*Appellant,*

*v.*

# Marsha A. MILLER,
Molly Cox-Chesire, Dick Gassman
and City of Eugene,
*Respondents.*

(16-91-04818; CA A71700)

831 P2d 71

Wayne L. Johnson, Eugene, filed the briefs *pro se* for appellant.

Jens Schmidt, Eugene, filed the brief for respondents. With him on the brief was Harrang, Long, Watkinson, Arnold & Laird, P.C., Eugene.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from a judgment dismissing his complaint after the court allowed defendants' ORCP 21A(8) motion on the basis that the complaint failed to state sufficient facts to constitute a claim. We affirm in part and reverse in part.

Plaintiff's amended complaint alleges a claim for relief under 42 USC § 1983[1] for violating his civil rights and a claim for a declaratory judgment against the City of Eugene (City) that his trellis does not constitute a "fence" under City's ordinance. *See* ORS 28.010 *et seq.* The gravamen of the section 1983 claim is that defendants[2] violated his civil rights when they sought to enforce the ordinance. City maintained that the fence that plaintiff had installed around his home, which included a trellis affixed to its top, exceeded height limitations in the ordinance. The trial court held that the section 1983 allegations do not state facts sufficient to constitute a claim for relief, because plaintiff did not allege that defendants had violated any right or privilege protected by the constitution or any federal law. We agree with the court's ruling regarding the section 1983 claim.

On the claim for declaratory judgment, the trial court ruled that plaintiff's complaint does not allege a "justiciable controversy." Pleadings in a declaratory judgment proceeding are to be liberally construed, ORS 28.120,[3] and a court should not a grant an ORCP 21 motion against a complaint seeking a declaratory judgment if it states a justiciable controversy. *Reynolds v. State Board of Naturopathic Exam.*, 80 Or App 438, 442, 722 P2d 739 (1986). A controversy is

---

[1] 42 USC § 1983 provides, in part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

[2] The individual defendants are City employees charged with enforcement of the ordinance.

[3] ORS 28.120 provides:

"This chapter is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and is to be liberally construed and administered."

justiciable when there is an actual and substantial controversy between parties with adverse legal interests. The controversy must involve present facts, as distinguished from a dispute that is based on future events or a hypothetical issue. *Cummings Constr. v. School Dist. No. 9*, 242 Or 106, 110, 408 P2d 80 (1965). In reviewing a dismissal under ORCP 21A(8), we assume the truth of all well-pleaded allegations and any facts that might be adduced as proof of the allegations. *Brennen v. City of Eugene*, 285 Or 401, 405, 591 P2d 719 (1979).

■        City argues that plaintiff's claim does not state a justiciable controversy, "[b]ecause plaintiff did not allege a legally protectible interest" and because he alleged that he "had taken down his privacy trellis." An action may be brought under ORS chapter 28 when a person's "legal relations" are affected by a city ordinance. ORS 28.020. The complaint alleges that the trellis does not violate the ordinance and that City intends "to levy fines and * * * begin enforcement action to collect those fines," unless plaintiff submits to City's position regarding the trellis. The controversy is actual and substantial. Moreover, plaintiff does not have to allege that he is currently violating the ordinance. *Marks v. City of Roseburg*, 65 Or App 102, 105, 670 P2d 201 (1983), *rev den* 296 Or 536 (1984). Thus, the complaint alleges that the parties have adverse legal interests and that a justiciable controversy exists. We conclude that the claim for a declaratory judgment alleges sufficient facts to constitute a claim under ORS chapter 28 and that the trial court erred by dismissing the claim.[4]

Plaintiff's other arguments do not require discussion.

Judgment on declaratory judgment claim reversed and remanded; otherwise affirmed.

---

[4] We express no opinion on the merits of the claim.