Argued and submitted February 28, convictions affirmed; judgment vacated in part; sentence for rape in first degree vacated; remanded for resentencing; otherwise affirmed May 20, reconsideration allowed by opinion November 12, 1992
See 116 Or App 393 (1992)

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID ANDREW JONES,
*Appellant.*

(90C-20365; CA A68211)

832 P2d 459

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Defendant was found guilty of rape in the first degree, ORS 163.375, and rape in the second degree. ORS 163.365. He first argues that the 20-year sentence imposed under ORS 137.635 for the first-degree rape conviction exceeded the maximum permissible under the sentencing guidelines. For the reasons set out in *State v. Haydon,* 113 Or App 205, 832 P2d 457 (1992), we agree.

Defendant also argues that the sentencing court erred in specifically denying him credit for time served. The state responds that he made no showing of the length of his pretrial incarceration or whether any of the pretrial detention was based solely on the pendency of these charges. ORS 137.370(2)(a).

ORS 137.320 provides that the Department of Corrections shall compute a defendant's sentence and give credit for presentence time served. It does not authorize the sentencing court to order credit for time served. *Nissel v. Pearce,* 307 Or 102, 105, 764 P2d 224 (1988); *see State v. McClure,* 295 Or 732, 670 P2d 1009 (1983); *State v. Rudy,* 43 Or App 635, 603 P2d 1230 (1979). The guidelines did not change ORS 137.320. We agree that, by negative implication, sentencing courts have no authority to *deny* credit for time served to which a defendant is statutorily entitled. Insofar as the judgment purports to do so, it is invalid.

Convictions affirmed; judgment provision denying credit for time served vacated; sentence for rape in the first degree vacated; remanded for resentencing; otherwise affirmed.