Argued and submitted October 23, 1991, convictions affirmed; remanded resentencing July 1, 1992

STATE OF OREGON,
*Respondent,*

*v.*

ARTHUR D. BARBER,
*Appellant.*

(90C-20316, 90C-20681, 90C-20319, 90C-20682;
CA A66418 (Control), CA A66419, CA A66420, CA A66421)
(Cases Consolidated)

832 P2d 51

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Meg E. Kieran, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant pleaded guilty to three counts of burglary in the first degree, ORS 164.225, and one count of aggravated theft in the first degree. ORS 164.057. The court found aggravating circumstances and imposed a departure sentence of 52 months imprisonment.

Defendant assigns error to the imposition of sentence without giving him 161 days credit for the time spent in jail between his arrest and the date of sentencing. The sentencing court assumed that, under the guidelines, it was in the court's discretion whether to give credit. The state concedes that the court erred in that assumption, and we agree. Nothing in the sentencing guidelines changes the statutory provisions that require credit for post-arrest imprisonment. ORS 137.370; ORS 137.390; *State v. McClure*, 295 Or 732, 735, 670 P2d 1009 (1983).

We also agree with the state that the record does not show that defendant's pre-trial incarceration was for the crime for which the sentence was imposed. ORS 137.370(2)(a). On remand, the sentencing court must make that determination and resentence accordingly.

We also accept the state's concession that the sentencing court erred in ordering restitution for pecuniary damages for criminal conduct that defendant did not admit or plead guilty to. *State v. Stockton*, 105 Or App 162, 803 P2d 1227 (1991).

Defendant argues that the court erred in "departing upward in sentencing [him] to a total of 52 months imprisonment." He contends that the only aggravating factor that could apply is persistent involvement in similar offenses, OAR 253-08-002(1)(b)(D), and that that does not justify the departure of double the presumptive sentence.

The sentencing court noted that defendant had been involved in a substantial number of burglaries, involving a number of victims. He had informed the police of burglaries that had caused monetary loss in excess of $29,000, although he disclaimed that he had participated in each and every one of them. Defendant does not specify why the court's reliance on the other burglaries is erroneous. He argues only that the

findings do not justify the length of the sentence. Under ORS 138.222(3), we have no authority to review the length of a departure sentence, if it is within the guidelines.

Convictions affirmed; remanded for resentencing.