Submitted on record and briefs July 27, remanded for resentencing August 25, 1993

STATE OF OREGON,
*Respondent,*

*v.*

JEREMY DAVID BULLOCK,
*Appellant.*

(10-89-09403; CA A74956)

858 P2d 170

Sally L. Avera, Public Defender, and Alan H. Biedermann, Deputy Public Defender, Salem, filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem, filed the brief for respondent.

Before Deits, Presiding Judge, and Rossman and Durham, Judges.

DEITS, P. J.

**DEITS, P. J.**

Defendant was convicted in 1990 of reckless driving, ORS 811.140, and three counts of menacing. ORS 163.190. Imposition of sentence was suspended, and he was placed on probation for five years. After a hearing in April, 1992, the trial court revoked defendant's probation because he had violated a condition related to drug use. In imposing sentence, the trial court ordered defendant to serve six months in jail on each of the four original counts, to be served consecutively. The court's order also included a general finding that no credit be granted to defendant for "any time served in presentence confinement." Defendant appeals the sentence imposed, arguing that the trial court did not have authority to deny him credit for time served.

In *State v. Jones*, 113 Or App 228, 832 P2d 459, *on recon* 116 Or App 393, 842 P2d 419, *mod* 117 Or App 174, 842 P2d 466 (1992), the trial court, when imposing sentence, also denied the defendant credit for time served. We held that, because ORS 137.320 "does not authorize the sentencing court to order credit for time served," by the same token "sentencing courts have no authority to *deny* credit for time served to which a defendant is statutorily entitled." 113 Or App at 229. (Emphasis in original.) Generally, the decision as to whether credit should be granted for time served is made by the custodian designated in the statute. However, under ORS 137.550(6), a sentencing court does have limited discretion to grant or deny credit for time served as a condition of probation. That statute provides:

> "A defendant who has been previously confined in the county jail as a condition of probation pursuant to ORS 137.540 * * * may be given credit for all time thus served in any order or judgment of confinement resulting from revocation öf probation."

The state acknowledges that the sentence was error, because the court's statement denying credit for time served was too broad. The court's authority to decide whether defendant should be given credit for time served is limited to situations where the time is served as a condition of probation. The record does not indicate whether any of defendant's pre-trial incarceration was served as a condition of his probation. If it was, the trial court had discretion to grant or deny

credit for it. Otherwise, that was a decision for the custodian. Accordingly, we remand for the trial court to determine whether defendant is entitled to any credit for time served under ORS 137.320.

Remanded for resentencing.