Argued and submitted September 17, 1993, affirmed May 25, 1994

# Susan PATTERSON
## and Jason Patterson,
*Appellants,*

*v.*

# Mary Kathleen Baker WASNER,
*Respondent.*

## (92-3502-E-2; CA A78546)

875 P2d 506

Jerry E. Gastineau argued the cause and filed the brief for appellants.

Hugh B. Collins argued the cause and filed the brief for respondent.

Before De Muniz, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiffs appeal from a judgment dismissing their complaint for declaratory relief and for breach of trust. We assume the truth of all facts alleged in plaintiffs' complaint, drawing all inferences in favor of plaintiffs, *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992), and affirm.

Defendant acquired certain real property from a third party. She executed a promissory note in plaintiffs' favor for $10,000, due "on or before July 8, 2002," and secured the note with a trust deed on the property. However, defendant did not record the trust deed. She later sold the property, but did not pay any money to plaintiffs. After the sale of the property, plaintiffs asked defendant to explain their rights under the note and trust deed. Defendant refused. Plaintiffs then filed this action for a declaration of their rights under the note and trust deed. They allege that, because defendant has refused to provide them the explanation, there is a controversy about their rights. They also allege that defendant "accepted a fiduciary duty by accepting the deed to the real property and physically holding the note and trust deed," and that defendant breached her duty to plaintiffs by failing to record the note and trust deed. They claim compensatory damages of $10,000 plus interest, because their note is not secured by the property, and they seek punitive damages of $10,000.

Defendant moved to dismiss under ORCP 21A(8), asserting that plaintiffs failed to state ultimate facts sufficient to constitute a claim. The trial court granted the motion on December 10, 1992. On December 22, 1992, defendant submitted an affidavit for attorney fees. The next day, plaintiffs filed an objection to entry of judgment and to attorney fees on the ground that "[p]laintiffs are entitled to file an amended complaint and have done so, and there is no basis for attorney fees whatsoever." The same day, without leave of court, they filed an amended complaint with the court clerk. On January 21, the trial court overruled plaintiffs' objections and entered judgment on the basis of its dismissal of the complaint.

Plaintiffs first assign error to the trial court's conclusion that their complaint failed to state a claim. We first

address the dismissal of plaintiffs' declaratory judgment claim.

> "Pleadings in a declaratory judgment proceeding are to be liberally construed, ORS 28.120, and a court should not grant an ORCP 21 motion against a complaint seeking a declaratory judgment if it states a justiciable controversy. A controversy is justiciable when there is an actual and substantial controversy between parties with adverse legal interests. The controversy must involve present facts, as distinguished from a dispute that is based on future events or a hypothetical issue." *Johnson v. Miller*, 113 Or App 98, 100, 831 P2d 71 (1992). (Citations and footnotes omitted.)

The only "controversy" that plaintiffs claim entitles them to declaratory relief is that they demanded from defendant an explanation of their rights under the note and trust deed and that defendant has refused to give them an explanation. They do not allege that they have any rights under the note or trust deed that defendant denies, and they do not allege any facts that give rise to an inference that defendant has a duty to interpret the documents for them. The trial court correctly concluded that the complaint does not state a justiciable controversy.

■ Next, we address the dismissal of plaintiffs' breach of trust claim, which is based on defendant's failure to record the trust deed. Although one might infer that plaintiffs are in a less advantageous position to collect on their promissory note when it comes due in the year 2002 than they might have been if the note were secured by a trust deed, there is nothing in the complaint that discloses why defendant is obligated to provide security for the note in the first place. Similarly, although plaintiffs claim damages in the amount of $10,000, they do not allege any facts that give rise to an inference that defendant had a duty even to execute, much less to file, the trust deed, and they allege no facts to show how her failure to file the document injured them. The trial court correctly ruled that the complaint does not state a claim for breach of trust.

■ Plaintiffs also assign error to the trial court's entry of judgment on the basis of its dismissal of the complaint, when they had filed an amended complaint that defendants had not yet challenged. Plaintiffs contend that they were entitled to

amend their complaint once as a matter of right, and they did so. Because defendant did not file a motion to dismiss the amended complaint, plaintiffs conclude that the trial court erred by entering judgment on the order dismissing the complaint.

Plaintiffs are correct that ORCP 23A permits a party to amend a pleading "once as a matter of course" in some circumstances. However, if the court has already granted a motion filed in response to the complaint, ORCP 15B(2) requires that an amended pleading "shall be filed within 10 days after service of the order, unless the order otherwise directs." In this case, the motion and order, which were served on plaintiffs on November 4, 1992, and entered on December 10, 1992, did not "otherwise direct" that an amended pleading could be filed after 10 days. Plaintiffs did not file their amended complaint until December 23, 1992, more than 10 days after the order dismissing the complaint. The trial court did not err in disregarding the untimely filed amended complaint.

Plaintiffs' third assignment of error requires no discussion.

Affirmed.