Argued and submitted November 20, 1995, affirmed February 7, petition for review denied April 2, 1996 (323 Or 114)

ERIC H. RANDOLPH,
*Appellant,*

*v.*

STATE OF OREGON,
by and through the
OREGON DEPARTMENT OF CORRECTIONS,
*Respondent.*

(94C11800; CA A87561)

910 P2d 1171

Leo M. Schuman argued the cause for appellant. On the brief were Richard S. Todd and Saxon, Marquoit, Bertoni & Todd.

Erika L. Hadlock, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

■ Plaintiff sought a declaratory judgment granting him credit for presentence time served. ORS 137.320(3). He appeals from a judgment that denied his motion for summary judgment, granted the state's cross-motion for summary judgment and dismissed his complaint.[1] We affirm.

The facts are not in dispute. On July 16, 1990, plaintiff was arrested on federal charges and placed in custody at the Washington County jail, where he remained until October 2, 1991. On September 14, 1990, while he was in jail, Oregon authorities arrested him for several rape and sex abuse charges. On November 18, 1990, plaintiff was convicted of the federal charges and sentenced to 30 months in federal prison. He received 126 days of credit for the time that he had served in jail between July 16 and November 17, 1990. He remained lodged in the county jail, awaiting trial on the state charges.

On May 31, 1991, plaintiff was convicted of several of the state charges and sentenced to serve 68 months, consecutive to the federal sentence. On October 2, 1991, plaintiff was transferred to federal prison. On September 17, 1992, he completed his federal sentence and was transferred to the custody of the Oregon Department of Corrections (ODOC) to begin serving his state sentence. ODOC denied his request for credit for the time that he had served in the Washington County jail following his arrest on September 14, 1990, on the state charges.

Plaintiff then sought a declaratory judgment granting him credit against his state sentence for the 383 days between September 14, 1990 and October 2, 1991, that he had spent in the county jail while awaiting trial on the Oregon charges. He moved for summary judgment and the state filed a cross-motion for summary judgment. The trial court found that there was no genuine issue of material fact,

---

[1] Although the judgment is phrased in terms of dismissal, we understand the trial court to have meant that the state was entitled to judgment on the merits. Dismissal of a claim for a declaratory judgment is inappropriate where the claim alleges a justiciable controversy. *Johnson v. Miller*, 113 Or App 98, 831 P2d 71 (1992).

granted the state's motion, denied plaintiff's motion and dismissed his complaint.

■      On appeal, plaintiff contends that ODOC lacks authority under ORS 137.320(3) to exercise discretion to deny a prisoner credit for time served once a Statement of Imprisonment has been delivered to ODOC by the prisoner's presentence custodian, and that any discretion to grant or deny credit for time served rests solely with the presentence custodian. In this case, the Washington County sheriff was plaintiff's presentence custodian. The state responds that ODOC has authority to calculate plaintiff's sentence and to determine how much, if any, credit plaintiff should receive for time served.

Because the facts are not in dispute in this case, we will affirm the trial court's decision to grant the state's motion for summary judgment to defendant only if the state is entitled to judgment as a matter of law. ORCP 47 C.[2]

ORS 137.320 provides, in part:

"(1)   When a judgment includes commitment to the legal and physical custody of the Department of Corrections, the sheriff shall deliver the defendant, together with a copy of the entry of judgment and a statement signed by the sheriff of the number of days the defendant was imprisoned prior to delivery, to the superintendent of the Department of Corrections institution to which the defendant is initially assigned pursuant to ORS 137.124.

"(2)   If the defendant is surrendered to another legal authority prior to delivery to an institution of the Department of Corrections, the sheriff shall forward to the Department of Corrections a copy of the entry of judgment, a statement of the number of days the defendant was imprisoned prior to surrender, and an identification of the authority to whom the prisoner was surrendered.

"(3)   Upon receipt of the information described in subsection (1) or (2) of this section, *the Department of Corrections shall* establish a case file and *compute the defendant's sentence in accordance with the provisions of ORS 137.370.*" (Emphasis supplied.)

---

[2] The 1995 amendments to ORCP 47 C, Or Laws 1995, ch 618, § 5, do not affect the issues in this case.

ORS 137.320(1) and (2) require that the sheriff deliver a signed statement of the number of days a person was in custody before being delivered to ODOC. ORS 137.320(3) provides that when ODOC receives that statement, it is to compute the sentence. The presentence custodian has no authority to compute the sentence or to give credit for presentence time served.[3] *See Nissel v. Pearce*, 307 Or 102, 105, 764 P2d 224 (1988) (ODOC, not the sentencing judge, computes the sentence and gives credit for presentence time served).

Further, nothing in ORS 137.320 supports plaintiff's contention that ODOC is required to credit a defendant for any or all of the time reported by the sheriff. *Nissel*, 307 Or at 110 (a defendant may not be granted duplicate credit for time served against consecutive sentences); *Chambers v. Maass*, 92 Or App 283, 285 and n 2, 758 P2d 393 (1988), *rev den* 307 Or 405 (1989) (a defendant may not be given credit for time served while in custody on a different charge); *State v. Bullock*, 122 Or App 472, 474, 858 P2d 170 (1993) ("[T]he decision as to *whether* credit should be granted for time served is made by [ODOC].") (Emphasis supplied.)

■ Plaintiff argues, alternatively, that even if ODOC has discretion to grant credit for time served, it erred in denying him credit in this circumstance, because the time he served in the Washington County jail was on a factually and legally unrelated federal sentence. He argues that ORS 137.370 requires that a defendant who is convicted of an offense be given credit against his sentence for the presentence time he was in custody, even if he was imprisoned during that time for some other sentence. The state responds that a prisoner is not entitled to receive credit for presentence time served against each of two consecutive sentences.

ORS 137.370(2)(a) provides:

"(2) * * * [W]hen a person is sentenced to imprisonment in the custody of the Department of Corrections, for the purpose of computing the amount of sentence served the term of confinement includes *only*:

---

[3] When the judgment is imprisonment in the county jail, the sheriff computes the defendant's sentence and gives credit for presentence time served. ORS 137.320(4). Because plaintiff was committed to the custody of ODOC, that provision is not relevant here.

"(a)   The time that the person is confined by any author-ity after the arrest for the crime for which sentence is imposed[.]" (Emphasis supplied.)

Plaintiff's request for 383 days of credit for time served in the county jail includes the 66 days that he was in custody on state charges before he was sentenced on the federal charge and the 317 days that were served after his federal sentence but before he was transferred to federal prison. We discuss the two time periods separately.

Plaintiff was given credit for 126 days of presen-tence confinement on his federal conviction, representing the period between his arrest on July 16, 1990, and sentencing on November 19, 1990. That period included the 66 days from September 14, 1990, when he was arrested by Oregon authorities, to the date on which he was sentenced on the federal conviction. In effect, plaintiff seeks credit for the same 66 days against both his federal and state convictions.

In *Nissel,* the Supreme Court addressed the ques-tion of whether a defendant who was given consecutive *state* sentences was entitled to credit for presentence time served on each charge. 307 Or at 106. The court first noted that the statutes giving credit for presentence time served were designed to ensure equal treatment for indigent and nonin-digent convicted defendants, so that a defendant who could not afford bail would not spend more time in custody than a defendant who could afford bail. *Id.* at 106-07. The court held that, because of the purpose of the statutes and the absence of any indication that the legislature intended duplicate credit for consecutive sentences, a defendant is not entitled to receive credit on both of the consecutive sentences.[4] *Id.* at 110.

The court's reasoning in *Nissel* applies equally in this situation, where plaintiff's state sentence was ordered to run consecutively to his earlier, unrelated federal sentence.

---

[4] ODOC codified that ruling at OAR 291-100-080(4)(a):

"An inmate will receive time served credit in a county jail or other non-Department of Corrections facility against only the *first* of multiple consecu-tive sentences unless different dates are indicated for the consecutive sen-tences." (Emphasis supplied.)

Consequently, plaintiff is not entitled to credit against both his federal and state sentences for presentence time served.[5]

■ We next consider plaintiff's request for credit for the 317 days served in the county jail after imposition of his federal sentence but before he was transferred to federal prison. In essence, plaintiff maintains that he should receive credit toward his Oregon sentence for a portion of the time that he spent incarcerated under the federal sentence, because he served 317 days of his federal sentence in a county jail instead of in a federal prison.

ORS 137.370(4) provides:

> "A person who is confined as the result of a sentence for a crime or conduct that is not directly related to the crime for which the sentence is imposed * * * shall not receive presentence incarceration credit for the time served in jail towards service of the term of confinement."

That statute clearly provides that credit for time spent in custody between arrest and commencement of sentence under ORS 137.320 is to be given *only* for time spent in custody as the result of the charge or conduct that gave rise to the charge for which the sentence is later imposed. Plaintiff is not entitled to credit for time served on a sentence for a different offense.[6] OAR 291-100-080(4); *see Chambers*, 92 Or App at 285 and n 2 (a prisoner arrested on new charges while on temporary leave is not entitled to credit on resulting sentence for time served between his arrest and sentencing, because, after revocation of temporary leave, he resumed serving prior sentence).

Affirmed.

---

[5] A contrary holding would create the anomalous result of an indigent defendant with consecutive sentences serving less time than a nonindigent defendant who was released on bail.

[6] It is well settled that the legislature intended trial courts to have authority to impose consecutive sentences. ORS 137.123; *State v. Jones*, 250 Or 59, 440 P2d 371 (1968). Plaintiff's proposed construction would undermine that authority.