**Anthony Lenaire CURRY, Petitioner—Appellant,**

v.

**Joan PALMATEER, Superintendent, Oregon State Penitentiary, Respondent—Appellee.**

No. 01–35949.

D.C. No. CV–99–00616–CO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Jan. 2, 2003.

---

\* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Before REAVLEY,* KOZINSKI and W. FLETCHER, Circuit Judges.

## MEMORANDUM**

Even if the district court erred in finding procedural default (which we do not decide), we nonetheless affirm on the merits because the 1995 amendment to Oregon Revised Statutes (O.R.S.) § 137.370 merely codified pre-existing Oregon case law, which clearly held that O.R.S. § 137.370(2)(a) does not authorize credit for pre-sentence time served on an unrelated sentence. *See Chambers v. Maass,* 92 Or.App. 283, 758 P.2d 393, 393–94 (1988). The petitioner's attempt to distinguish *Chambers* on the ground that it involved consecutive sentences is unavailing; *Chambers* did not turn on whether the sentences were consecutive, but on whether the "time spent in custody [was] the *result* of the [instant] charge." *Id.* at 393 (internal quotation marks omitted). *See also Nissel v. Pearce,* 307 Or. 102, 764 P.2d 224 (1988); *Randolph v. Oregon Dept. of Corr.,* 139 Or.App. 79, 910 P.2d 1171 (1996). Chamber's sentences, like Curry's sentences here, simply fit within that general rule.

**AFFIRMED.**

---

* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.
** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

