Submitted on December 20, 2007, affirmed May 7, 2008

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# DOUGLAS WESLEY PHANEUF,
*Defendant-Appellant.*

Multnomah County Circuit Court
041236933; A129834

184 P3d 1136

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Tammy W. Sun, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Sercombe, Judge, and Deits, Judge pro tempore.

SERCOMBE, J.

### SERCOMBE, J.

Defendant appeals from a judgment of conviction and sentence for burglary in the first degree (Counts 1 and 2), unauthorized use of a motor vehicle (Count 5), attempted burglary in the first degree (Count 7), and attempt to elude a police officer (Count 8). He pleaded guilty to those crimes as part of a plea agreement by which other counts were dismissed. Defendant assigns as error the trial court's denial of credit for time served on Count 7. We review for errors of law, ORS 138.222(4), and affirm.

Defendant was sentenced to 36 months' custody in the Oregon Department of Corrections (department) and to a 36-month term of post-prison supervision on Count 7, to be served consecutively to Counts 1, 2, and 5. For the sentence on Count 7, the judgment provides that "[d]efendant may not receive credit for time served." Defendant argues that the case should be remanded for resentencing on Count 7 because the trial court was without authority to deny him credit for time served pending his conviction and sentence.

■ Defendant concedes that his assignment of error is not preserved. Nonetheless, he urges consideration of the error under ORAP 5.45(1) as one apparent on the face of the record. ORAP 5.45(1) provides that "the appellate court may consider an error of law apparent on the face of the record." We may review a "plain error" under this rule when (1) the error is one of law; (2) the error is "apparent," where the legal point is obvious, meaning not reasonably in dispute; and (3) the error appears "on the face of the record," meaning that the error does not require the court to go outside the record or select among competing inferences. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). We consider whether to exercise our discretion to review plain error using the factors identified in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) ("the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way").

 We agree with defendant that the error in this case is plain. ORS 137.320 governs our analysis and provides, in part:

"(1) When a judgment includes commitment to the legal and physical custody of the Department of Corrections, the sheriff shall deliver the defendant, together with a copy of the entry of judgment and a statement signed by the sheriff of the number of days the defendant was imprisoned prior to delivery, to the superintendent of the Department of Corrections institution to which the defendant is initially assigned pursuant to ORS 137.124. If at the time of entry of judgment, the defendant was serving a term of incarceration at the direction of supervisory authority of a county upon conviction of a prior felony, the sheriff shall also deliver to the Department of Corrections a copy of the prior entry of judgment committing the defendant to the supervisory authority of the county of conviction and a statement of the number of days the defendant has remaining to be served on the term or incarceration imposed in the prior judgment.

"* * * * *

"(3) Upon receipt of the information described in subsection (1) or (2) of this section, *the Department of Corrections shall establish a case file and compute the defendant's sentence in accordance with the provisions of ORS 137.370.*"

(Emphasis added.) ORS 137.370 provides, in part:

"(2) [W]hen a person is sentenced to imprisonment in the custody of the Department of Corrections, for the purpose of computing the amount of sentence served the term of confinement includes only:

"(a) The time that the person is confined by any authority after the arrest for the crime for which sentence is imposed; and

"(b) The time that the person is authorized by the Department of Corrections to spend outside a confinement facility, in a program conducted by or for the Department of Corrections."

Under those statutes, the department is the entity with authority to compute defendant's sentence based on any past confinement for the crime on which his sentence is

imposed. We have consistently held that a trial court lacks authority to deny credit for time served to which a defendant is entitled by statute. *See State v. Bullock,* 122 Or App 472, 474, 858 P2d 170 (1993); *State v. Jones,* 113 Or App 228, 229, 832 P2d 459, *modified on recons,* 117 Or App 174, 842 P2d 466 (1992) ("[S]entencing courts have no authority to deny credit for time served to which a defendant is statutorily entitled."); *State v. Barber,* 113 Or App 603, 605, 832 P2d 51 (1992) (same).[1] The trial court's error in exceeding its sentencing authority was an error of law apparent on the face of the record under ORAP 5.45(1).

We choose, however, not to exercise our discretion to consider that error under *Ailes.* The department's obligation to compute defendant's sentence in accordance with ORS 137.370 exists no matter what the language of the sentencing judgment might be. In effect, because the trial court had no authority to deny defendant credit for time served, the denial of credit on Count 7 is a nullity and has "no force and effect." *State v. Lavitsky,* 171 Or App 506, 515, 17 P3d 495 (2000), *rev den,* 332 Or 430 (2001) (stating that a trial court's directive regarding credit for time served would have "no force and effect, even if it remained in the judgment"). Therefore, any error committed by the trial court is harmless. Because the gravity of the error lacks any force and the ends of justice in this case will be served through a different procedure, we decline to consider the unpreserved plain error.

Affirmed.

---

[1] In *Bullock,* we distinguished a trial court's authority under ORS 137.550(6) to grant or deny credit for time served as a condition of probation.