Argued and submitted September 6, 2011, reversed and remanded June 20, 2012

Peter LAMKA,
an individual,
*Plaintiff-Appellant,*

*v.*

KEYBANK,
a national association,
*Defendant-Respondent,*

*and*

BRIDGE CITY WATERSPORTS, INC.,
an Oregon corporation;
and Gunter Thoma,
*Defendants.*

Multnomah County Circuit Court
091216815; A145829

281 P3d 639

Mark E. Griffin argued the cause for appellant. With him on the briefs was Griffin & McCandlish.

Sara C. Cotton argued the cause for respondent. With her on the brief were James M. Finn, Michael Garone, and Schwabe, Williamson & Wyatt P.C.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff purchased a boat and trailer from Bridge City Watersports in a transaction financed by KeyBank. Later, Bridge City Watersports sold the same boat and trailer to a third party in a transaction that was also financed by KeyBank. Plaintiff filed a claim against Bridge City Watersports and KeyBank for negligence. Defendant KeyBank[1] filed an ORCP 21 A(8) motion to dismiss, which the trial court granted. Plaintiff then filed an amended complaint, and defendant filed an answer and affirmative defense. However, the trial court concluded that plaintiff lacked authority to file that amended complaint, and the trial court entered a judgment dismissing the claim against KeyBank. Because we conclude that the trial court erred in dismissing plaintiff's amended complaint against KeyBank and in entering judgment for KeyBank, we reverse and remand.

In reviewing the trial court's order granting KeyBank's motion to dismiss, we accept all well-pleaded allegations from the complaint as true and give plaintiff the benefit of all favorable inferences that may be drawn from the allegations. *Scovill v. City of Astoria*, 324 Or 159, 164, 921 P2d 1312 (1996).

In November 2006, plaintiff bought a new boat and trailer from Bridge City Watersports. The purchase price of the boat and trailer was approximately $90,000. To finance the purchase, plaintiff obtained a consumer installment loan from KeyBank. The boat and trailer were registered in plaintiff's name; plaintiff held title and KeyBank maintained a security interest. Plaintiff stored the boat and trailer at Bridge City Watersports, and plaintiff made all monthly payments in a timely fashion.

In November 2007, Bridge City Watersports sold plaintiff's boat and trailer to a third party named Messmer, and KeyBank financed Messmer's purchase of plaintiff's boat and trailer. At the time of the sale and financing of plaintiff's boat and trailer to Messmer, KeyBank and Bridge City

---

[1] We will refer to KeyBank as the only defendant because neither Bridge City Watersports nor its employee filed an appearance in the trial court.

Watersports were both aware that plaintiff owned the boat and trailer. At the time of the 2007 sale, plaintiff did not know that his boat and trailer had been sold to Messmer or that KeyBank had financed the purchase. Later, plaintiff discovered his boat and trailer had been sold without his permission.

In December 2009, plaintiff filed a complaint against KeyBank, Bridge City Watersports, and a Bridge City Watersports employee, claiming negligence. Plaintiff alleged that, as a result of KeyBank financing Messmer's purchase, plaintiff had been denied the use and enjoyment of his boat and trailer. Plaintiff also alleged that, as a result of the sale and financing of the boat and trailer, "[t]he value of the boat has markedly deteriorated, and is now estimated to be $60,000."[2] Plaintiff further alleged that, "[a]s a result of the conduct of KeyBank, Bridge City Watersports, and [its employee], plaintiff has suffered damages in an amount to be determined at trial but believed to exceed $140,000, as follows: value of boat and trailer, $100,000; loss of profits from the use of the boat $40,000." Plaintiff also filed a claim for relief against Bridge City Watersports and the employee for conversion.

KeyBank filed a motion to dismiss under ORCP 21 A(8), arguing that the complaint failed to state facts sufficient to constitute a claim because plaintiff's claim was barred by the economic loss doctrine and that plaintiff's damages were caused by the intervening criminal conduct of Bridge City Watersports, and not KeyBank's negligence.

On March 29, 2010, the trial court granted KeyBank's motion to dismiss.[3] The court ruled, "Plaintiff's losses do not arise from any injury to person or property and are therefore economic losses within the meaning of the economic loss doctrine. Nor is there any special relationship between KeyBank and plaintiff that might avoid the application of the doctrine." The court also stated, "Defendant KeyBank also claims that the intervening criminal acts of the

---

[2] Plaintiff alleged that, at the time of his purchase, there were only nine hours on the motor but, at the time of the complaint, there were 1,000 hours on the motor.

[3] The order was signed and filed on March 29, 2010, but it was not entered until April 1, 2010.

other defendants insulate it from liability to the plaintiff. That contention is supported by the decision in *Buchler* [*v. Oregon Corrections Div.*, 316 Or 499, 853 P2d 798] (1993)." The court's order does not specify whether the motion to dismiss was granted with or without prejudice.

On April 9, plaintiff filed and served a first amended complaint, claiming that KeyBank breached its duty of good faith and fair dealing; plaintiff also alleged claims against Bridge City Watersports and its employee for negligence and conversion.[4] On April 21, KeyBank filed an "Answer and First Affirmative Defenses to Plaintiff's First Amended Complaint." That answer was the first responsive pleading that KeyBank filed. KeyBank's answer alleged that "KeyBank objects to the Complaint on the grounds that on or about March 29, 2010, the court ordered the case against KeyBank dismissed, without leave to amend. Thus, KeyBank denies the allegations in the Complaint in their entirety." Plaintiff objected to KeyBank's request to enter judgment of dismissal.

In an "Order Allowing Entry of Judgment," the court stated:

> "The right to replead under ORCP 21 A is contingent. In this case it was neither sought by the plaintiff nor granted by the court. There being no authority for the filing of an amended complaint, neither it nor the answer filed in response to it are sufficient to avoid the entry of a judgment in favor of defendant KeyBank."

On May 17, the court entered a judgment of dismissal and money award, dismissing plaintiff's claims against KeyBank. Later, the court entered a corrected limited judgment of dismissal and money award.

Plaintiff asserts that the trial court erred in entering judgment for KeyBank, because plaintiff could amend the complaint once as a matter of right under ORCP 23 A before KeyBank filed a responsive pleading. KeyBank relies on ORCP 21 A to argue that the trial court did not err in entering judgment because the court had not granted leave for plaintiff to file an amended complaint. For the reasons that

---

[4] The amended complaint was entered on April 15, 2010.

follow, we agree with plaintiff that the trial court erred in entering a judgment dismissing the complaint.

We review a trial court's ruling on a motion to dismiss under ORCP 21 A for errors of law. *Yanney v. Koehler*, 147 Or App 269, 272, 935 P2d 1235, *rev den*, 325 Or 368 (1997). Under ORCP 23 A, a party may amend a pleading once as a matter of right before a responsive pleading is served. *Quillen v. Roseburg Forest Products, Inc.*, 159 Or App 6, 10, 976 P2d 91 (1999).[5] Here, plaintiff amended his complaint once before KeyBank served a responsive pleading. It would appear that, under the plain language of ORCP 23 A, plaintiff had a right to file an amended complaint as a matter of law.

KeyBank contends, however, that, once the court grants a motion to dismiss, ORCP 21 A provides the exclusive procedure for filing an amended complaint. ORCP 21 A provides, in part, "If the court grants a motion to dismiss, the court may enter judgment in favor of the moving party or grant leave to file an amended complaint." *See also* ORCP 25 A.[6] Accordingly, KeyBank argues that plaintiff was required to seek permission from the court to file an amended complaint and, because plaintiff failed to do so, the trial court did

---

[5] ORCP 23 A provides:

"A pleading may be amended by a party once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

[6] ORCP 25 A provides:

"When a motion to dismiss or a motion to strike an entire pleading or a motion for a judgment on the pleadings under Rule 21 is allowed, the court may, upon such terms as may be proper, allow the party to amend the pleading. In all cases where part of a pleading is ordered stricken, the pleading shall be amended in accordance with Rule 23 D. By amending a pleading pursuant to this section, the party amending such pleading shall not be deemed thereby to have waived the right to challenge the correctness of the court's ruling."

In addition, ORCP 25 B states:

"If a pleading is amended, whether pursuant to sections A or B of Rule 23 or section A of this rule or pursuant to other rule or statute, a party who has filed and received a court's ruling on any motion directed to the preceding pleading does not waive any defenses or objections asserted in such motion by failing to reassert them against the amended pleading."

not err in entering judgment in favor of KeyBank. KeyBank asserts that "[p]laintiff's interpretation of ORCP 23 A would nullify the court's authority under ORCP 21 A to enter judgment and render superfluous the court's authority to grant leave to file an amended complaint." Neither party attempts to harmonize ORCP 21 A and ORCP 23 A.

Reading ORCP 23 A and ORCP 21 A together, we conclude that a party may amend a complaint once as a matter of right before a responsive pleading is served, even if the court has dismissed the complaint. It is only if the trial court grants a motion to dismiss after the plaintiff has already filed an amended complaint or the defendant has filed a responsive pleading, that, under ORCP 21 A, the plaintiff must file a motion for leave to file an amended complaint. *See Caldeen Construction v. Kemp*, 248 Or App 82, 90, 273 P3d 174 (2012) (holding that the trial court abused its discretion in denying plaintiff's motion to amend the complaint under ORCP 21 A).[7] Thus, the trial court erred in refusing to allow plaintiff to file an amended complaint as a matter of right.[8]

In addition, neither party cites ORCP 15 B(2), which provides:

"If the court grants a motion and an amended pleading is allowed or required, such pleading shall be filed within 10 days after service of the order, unless the order otherwise directs."

After oral argument, this court requested that the parties address the effect, if any, of ORCP 15 B(2) on the resolution of the issue presented here.

In *Patterson v. Wasner*, 128 Or App 254, 875 P2d 506 (1994), we considered whether the trial court erred in dismissing an amended complaint when the defendants had not yet challenged the amended complaint. The plaintiffs argued that they were allowed, as a matter of right, to file an amended complaint because the trial court had granted the

---

[7] We note that the issue in *Caldeen* was framed in terms of the court's discretion and, consequently, we did not address the "once as a matter of course" issue in that case either explicitly or implicitly.

[8] Although the parties do not cite ORCP 25 A, we note that ORCP 25 A can also be harmonized for the same reasons.

defendant's ORCP 21 A(8) motion. *Id.* at 257-58. We agreed with the plaintiffs that ORCP 23 A allowed an amended pleading in some circumstances. *Id.* at 258. However, we explained that ORCP 15 B(2) required that the amended pleading be filed within 10 days after service of the order granting the ORCP 21 A(8) motion. *Id.* The record revealed that the plaintiffs had not filed their amended complaint within 10 days of the order dismissing their complaint. We held that the trial court did not err in disregarding the untimely filed amended complaint. *Id.*

Here, the trial court granted defendant's motion to dismiss the complaint. Under ORCP 15 B(2), an amended complaint was "required" in order for plaintiff to continue his claim against all the defendants. Plaintiff had 10 days to file an amended complaint unless the order of dismissal "otherwise directs." The order of dismissal was silent on that issue. The trial court took the motion to dismiss under advisement after oral argument on the motion. The order of dismissal was filed on March 29, 2010. The court, and not one of the parties, prepared and presumably mailed the order to the parties the day the order was filed. Plaintiff's amended complaint has a date stamp of April 9.[9] Plaintiff also filed a certificate of service stating that plaintiff served the amended complaint on April 9, by mailing a copy of the amended complaint to KeyBank's attorney. ORCP 10 discusses how time is calculated under the Oregon Rules of Civil Procedure. Consistently with ORCP 10 A, the date on which the order was filed—that is, March 29—is not included in computing the time period. ORCP 10 C provides that, when a party is required to act after the service of a paper served by mail, three days shall be added to the proscribed time period. Thus, under ORCP 15 B(2), plaintiff had 10 days after the service of the order of dismissal to file an amended complaint, plaintiff complied with that requirement by filing on April 9, and the trial court therefore erred in dismissing plaintiff's amended complaint.

Plaintiff also contends that the trial court erred in dismissing his claim for negligence in his original complaint

---

[9] ORCP 9 E provides that the filing with the court occurs when the clerk endorses the pleading with the date and time of the filing.

against KeyBank on the grounds that the "economic loss doctrine" precluded the claim and plaintiff's damages were caused by the intervening criminal acts of the other defendants.

On a pretrial motion to dismiss under ORCP 21 A, "the trial court can dismiss only if the pleading on its face fails to state a claim." *Business Men's Service Co. v. Union Gospel Ministries*, 120 Or App 228, 229, 852 P2d 199 (1993) (emphasis omitted). Under the economic loss doctrine, a party is not liable for negligently causing a stranger's purely economic loss without injuring the person or his or her property. *Harris v. Suniga*, 344 Or 301, 308, 310-11, 180 P3d 12 (2008) (holding that dry rot in an apartment building constituted property damage, not an "economic loss"). Appellate courts "use the term 'economic losses' to describe financial losses such as indebtedness incurred and return of monies paid, as distinguished from damages for injury to person or property." *Onita Pacific Corp. v. Trustees of Bronson*, 315 Or 149, 159 n 6, 843 P2d 890 (1992).

In his complaint, plaintiff alleged that, as a result of the sale and financing of the boat and trailer to Messmer, plaintiff lost the use and enjoyment of his boat for two years; furthermore, he alleged that the boat, when returned, was less valuable as a result of someone else's use. Those allegations describe an injury beyond "purely economic loss." *See Harris*, 344 Or at 310 (explaining that every physical injury to property could be characterized as a species of economic loss but that Oregon courts have used the term " 'economic losses' to describe 'financial losses such as indebtedness incurred and return of monies paid, as distinguished from damages for injury to person or property.' " (quoting *Onita Pacific Corp.*, 315 Or at 159 n 6) (emphasis omitted)). When plaintiff's complaint is construed to give him the benefit of all favorable inferences, the alleged injuries are not limited to economic loss. Thus, the trial court erred in dismissing the complaint based on the economic loss doctrine.

We turn next to KeyBank's intervening criminal acts argument. In *Buchler*, the court stated that "mere 'facilitation' of an unintended adverse result, where intervening

intentional criminality of another person is the harm-producing force, does not cause the harm so as to support liability for it." 316 Or at 511-12. However, this is not a case in which we can tell from the pleadings that there was an "intervening" criminal act that would render the harm to plaintiff unforeseeable as a matter of law. Plaintiff alleged that KeyBank knew that plaintiff owned the boat and trailer but financed the second sale from Bridge City Watersports to Messmer anyway, creating an unreasonable risk that plaintiff would lose his boat and trailer. This situation—where KeyBank allegedly knew or should have known that it was facilitating the very harm that ultimately befell plaintiff—is not the type of situation in which a subsequent act by a third party severs the causal link as a matter of law.

Reversed and remanded.