No. 404    May 7, 2025    363

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SHANE ANTHONY LEWIS,
*Petitioner,*

*v.*

OREGON DEPARTMENT OF CORRECTIONS,
*Respondent.*
Department of Corrections
A184846

Submitted April 10, 2025.

Shane Anthony Lewis filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

PER CURIAM

Rule held valid.

**PER CURIAM**

This is a rule challenge in which petitioner contends that OAR 291-100-0080(3)(c) exceeds the statutory and constitutional authority of the Oregon Department of Corrections (ODOC) because it prohibits applying duplicative time-served credit to each of multiple consecutive sentences. Petitioner also contends that the rule violates the due process rights of adults in custody. We hold the rule to be valid.

OAR 291-100-0080(3)(c) is a sentence-computation rule and provides: "An [adult in custody] will receive time served credit for time confined in a county jail or other non-Department of Corrections facility, as authorized by statute, against only the first of multiple consecutive sentences unless different dates are indicated for the consecutive sentences." Although petitioner contends that that rule exceeds ODOC's authority under a proper construction of ORS 137.320 and ORS 137.370, because the rule prohibits duplicative credit for time served against multiple consecutive sentences, the Supreme Court has determined that adults in custody are *not* entitled by ORS 137.320 and ORS 137.370 to that kind of credit for time served. *Nissel v. Pearce*, 307 Or 102, 109-10, 764 P2d 224 (1988); *see also Randolph v. Dept. of Corrections*, 139 Or App 79, 84 n 4, 910 P2d 1171, *rev den*, 323 Or 114 (1996) (noting that OAR 291-100-0080 (4)(a)[1], now (3)(c), codified *Nissel*).

Although petitioner correctly points out that *Nissel* and *Randolph* addressed prior versions of ORS 137.320 and ORS 137.370, the later amendments to those statutes did not materially affect the bases for the holdings in *Nissel* and *Randolph*; therefore, we remain bound by those cases. They are a complete answer to petitioner's claims of error, each of which is premised on the incorrect foundation that adults in custody are entitled by statute to duplicative time-served credit for consecutive sentences: The rule does not exceed ODOC's authority because that rule does not deny any statutorily required credit for time served, it does not permit ODOC to perform any judicial function by improperly denying an adult in custody credit for time served, and

---

[1] The rule has been renumbered since *Randolph*.

it does not violate due process by depriving an adult in cus-
tody of duplicative time-served credit.

        Rule held valid.